GREEN v. MICHIGAN UNITED RAILWAYS CO.

1. CORPORATIONS— CONSOLIDATION— AMALGAMATION— STATUTORY AUTHORITY.
   A consolidation of domestic street and electric railways is not authorized by Act No. 143, Pub. Acts 1901, which applies to the consolidation of companies in adjoining States with corporations in Michigan.

2. SAME — LIABILITY TO CREDITORS OF CONSTITUENT COMPANIES— ESTOPPEL.
   A consolidated corporation is estopped to set up the invalidity of its consolidation as against the claim of a creditor of one of the constitutent corporations.

3. SAME—CONSOLIDATION OR MERGER—PLEADING—DECLARATION.
   A general allegation that the defendant consolidated with the corporation which was indebted to the plaintiff is sufficient to permit a recovery against the consolidated company.

Certiorari to Jackson; Parkinson, J. Submitted October 13, 1909. (Docket No. 64.) Decided December 10, 1909.

Assumpsit by Thomas Green against the Michigan United Railways Company for the amount of a judgment. An order overruling a demurrer to the declaration is reviewed by defendant on writ of certiorari. Affirmed.

*Thomas, Cummins & Nichols,* for plaintiff.

*Sanford W. Ladd,* for defendant.

Plaintiff recovered a large judgment in one of the Federal courts of New York State against the Jackson & Suburban Traction Company. On May 8, 1908, he commenced a suit by summons in the circuit court for the county of Jackson against the Jackson Consolidated Traction Company, claiming that the Jackson & Suburban Traction Company had been consolidated with the Jackson Consolidated Traction Company. Plaintiff filed a petition in that case for an order to compel defendant in that suit to produce certain books and papers to enable him to declare. The circuit court granted the order. The defendant in that suit then applied to this court for a writ of mandamus to compel the vacation of the order. *Jackson Consolidated Traction Co.* v. *Jackson Circuit Judge,* 155 Mich. 522 (119 N. W. 915). We there held that if there is "a general averment that the present relator is a consolidation of the various companies named, then the necessity for a discovery does not exist; but, if it is necessary to aver in detail the facts showing the incorporation, then a discovery is essential. We think that the general allegation is sufficient." While that suit was pending it is claimed that there was another consolidation between the Jackson Consolidated Traction Company and the defendant in this suit, and that by means of such consolidation the defendant was obligated to pay the debts of the former company.

The declaration contains four counts. To all of these

counts the defendant interposed a demurrer, which the court overruled. This order of the court is now before us for review by certiorari.

GRANT, J. (*after stating the facts*). The first and second counts, among other things, aver "that afterwards, to wit, on the 25th day of July, 1908, the said Jackson Consolidated Traction Company became and was merged, consolidated, and amalgamated with and into the defendant herein, the Michigan United Railways Company." If this count states a cause of action, it is not necessary to consider the validity of the other two counts.

The act, under which counsel for defendant assumes that this consolidation was effected, does not apply to the consolidation of street and electric railways organized under the laws of Michigan and lying wholly within its territorial limits. Act No. 143, Pub. Acts 1901. That act, both by its title and its body, refers to the consolidation of companies in this State with companies organized in adjoining States. In *Shadford* v. *Railway*, 130 Mich. 300 (89 N. W. 960), the defendant interposed the defense that no such consolidation was authorized by the laws of this State. To this contention this court replied that the defendant was not in a position to raise the question. The same rule applies here.

The two counts alleged generally a consolidation between the Jackson Consolidated Traction Company and the defendant. It is a general allegation, sufficient under the holding in *Jackson Consolidated Traction Co.* v. *Jackson Circuit Judge*, *supra*. If the plaintiff, upon the trial, can show a consolidation under which the law imposes upon the defendant the obligation to pay the debts of the former companies, the plaintiff will be entitled to recovery.

The order overruling the demurrer is affirmed, and the case remanded for further proceedings.

BLAIR, C. J., and MOORE, MCALVAY, and BROOKE, JJ., concurred.