## VAN OORDT *v.* METZLER.

1. AUTOMOBILES—REAR-END COLLISION—GREAT WEIGHT OF EVIDENCE.
   Jury's verdict for defendant overtaking motorist in actions by passengers of car with which rear-end collision took place shortly after cars had passed an intersection *held,* not against the overwhelming weight of the evidence.

2. SAME—REAR-END COLLISION—INSTRUCTIONS—EMERGENCY.
   Claim that instructions, given by trial court in actions by passengers of car that had been struck in the rear by defendant's car, had suddenly introduced and unduly emphasized doctrine of sudden emergency, although not argued by counsel for defendant and not pleaded *held,* untenable, where defendant's answer disclosed he contended plaintiffs' driver slowed her car suddenly to make a turn or pull onto the shoulder of the highway just past an intersection, plaintiff made no complaint to the court at the conclusion of the charge as to overemphasis or failure to state claims properly, and trial court denied undue emphasis.

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 770 *et seq.*
[2] 53 Am Jur, Trial §§ 566–568, 824.
[3] 31 Am Jur, Jury § 207 *et seq.*
    38 Am Jur, Negligence § 343.
[4] 53 Am Jur, Trial § 74 *et seq.*

3. TRIAL—MISTRIAL—NONSUIT—DISCRETION OF COURT.

Trial court's denial of motion to nonsuit or dismiss after denial of defendant's motion for mistrial because of reference to insurance on *voir dire* examination in actions arising out of automobile mishap *held*, not an abuse of discretion or reversible error, under the circumstances, where there is no proof of prejudice to plaintiff.

4. SAME—DISCRETION OF COURT—PREJUDICE.

The conduct of a trial is to a large extent under the control of the presiding judge and there must be a showing of prejudice to an appellant because of such conduct in order to have reversible error.

Appeal from Ottawa; Smith (Raymond L.), J. Submitted January 6, 1965. (Calendar No. 13, Docket No. 50,791.) Decided May 11, 1965.

Declarations by Loren Van Oordt, by his next friend Gerrit Van Oordt, and Jennie Wabeke against Max Metzler for alleged injuries arising out of a collision involving an automobile defendant was driving and an automobile in which plaintiffs were passengers. Verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Harry Lieffers, Jr.,* for plaintiffs.

*Cholette, Perkins & Buchanan (Don V. Souter,* of counsel), for defendant.

PER CURIAM. Plaintiffs and appellants, in cases consolidated below and on appeal, were passengers in a car struck from the rear by defendant-appellee's car.

After jury verdict of no cause for action, plaintiffs made a motion for judgment *non obstante veredicto,* or, in the alternative, for a new trial. Plaintiffs now appeal from the trial court's denial of their motion.

The accident out of which these cases arise, occurred on the afternoon of March 24, 1961, at approximately 1:30 p.m. as plaintiffs, passengers in a car driven by Mrs. Gerrit Van Oordt, were proceeding in an easterly direction on M-50 in Ottawa county.

Shortly after passing through the intersection of M-50 and 104th avenue, defendant's car struck Mrs. Van Oordt's car, causing the latter to catch on fire which resulted in personal injuries to appellants.

Mrs. Van Oordt testified that she did not drive off the pavement and that defendant struck her from the rear as she was proceeding east on the southerly part of the highway.

Defendant testified that he was proceeding east on M-50 at a speed of 60 to 65 miles per hour; that he first saw the Van Oordt car when it was approximately 100 feet in front of him, and that it appeared to be coming from off the shoulder onto the highway. Under close cross-examination, defendant refused to change or vary his testimony.

When defendant's testimony is considered along with that of plaintiff Loren Van Oordt, who stated in his pretrial deposition, that "We were on the shoulder of the road and then we were just starting to get back on," (describing what he first recalled about the accident) we cannot hold on this appeal that the conclusion of the jury trier of fact was against the great weight of the evidence.[1]

Plaintiffs did not object to the instructions that were given at the trial. Plaintiffs do not claim in this appeal that the instructions were in any way erroneous and our review of same discloses that the court clearly, accurately, and thoroughly instructed the jury.

---

[1] See *Kalamazoo County Road Commissioners* v. *Bera,* 373 Mich 310.

Appellants, however, claim:

"In the case at bar before the court long sections on the doctrine of sudden emergency were suddenly introduced into the case, although not argued by counsel for the defendant in his argument and not pleaded. The only knowledge that the plaintiff attorney had that such a defense was going to be invoked was after the court was obviously reading from some instructions which had never been furnished the plaintiff and apparently prepared by the defendant."

Defendant-appellee filed an affidavit that he tendered his proposed instructions by leaving a copy of same on opposing counsel's desk.

An examination of the answer defendant filed to plaintiff Jennie Wabeke's declaration discloses that defendant contended "that plaintiff's driver either slowed her car suddenly to make a turn or pull onto the shoulder of said highway at some point past the intersection."

In his opinion denying new trial, the trial court properly disposed of plaintiffs' claim in re instructions by stating:

"The requests to charge revealed defendant's theory even though defendant's counsel chose not to emphasize them in his final argument. In fact it was apparent to all who heard the case that the defendant claimed that plaintiff's car appeared before him under such conditions that he was confronted with a sudden emergency, not of his own making, and that plaintiff's driver was solely responsible for the collision.

"The court denies any undue emphasis of defendant's claims. The plaintiff made no complaint to the court at the conclusion of the court's charge of overemphasis or of failure to state the claims properly."

Appellants claim that the trial court erred in not fulfilling a "duty to dismiss or nonsuit a cause of action when both parties desire it."

Plaintiffs' counsel during voir dire examination asked a prospective juror: "What firm are you with?" and when he received the answer, "With Nationwide Insurance," counsel repeated the answer, stating: "Nationwide Insurance?".

After the trial court denied defendant's motion for mistrial, because of this reference to insurance, plaintiffs' counsel advised the court that "the way I feel, and that is physically," and because of a fair possibility of appeal if a verdict is obtained, plaintiffs would prefer the court grant defendant's motion and asked "the court to voluntarily nonsuit the defandant [*sic?*] and we will start it over again."

On this claimed error, the court in its opinion denying defendant's motion for new trial stated:

"Plaintiff now claims that the court should have granted defendant's motion for a mistrial and that failure to do so is cause for a new trial. Since the court is of the opinion that plaintiff is responsible for the existence of whatever grounds there may have been for a mistrial he cannot now complain if the jury was not mislead or influenced by his alleged misconduct.

"While plaintiff's counsel may have been operating under a handicap physically this matter was never presented to the court as ground for an adjournment. It is now too late to urge the court to adopt this complaint as grounds for a new trial. Counsel prosecuted his claim with vigor even though unsuccessfully."

We have held that the conduct of a trial is to a large extent under the control of the presiding judge and to constitute reversible error there must be proof of prejudice. See *Murchie* v. *Standard Oil Company* (1959), 355 Mich 550.

The court did not err in denying plaintiffs' motion to dismiss or nonsuit.

We find no reversible error and, therefore, we affirm.   Costs to appellee.

DETHMERS, KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred in the opinion.

T. M. KAVANAGH, C. J., and BLACK, J., concurred in result.