WALLACE *v.* PERE MARQUETTE FIBERGLASS
BOAT COMPANY, INC.

1. TRIAL—FINAL ARGUMENT—COUNSEL'S THEORY OF THE LAW—READ-
ING LAW TO JURY.
   Counsel has a right on final argument to state to the jury his
   theory of the law, but he does not have the right to read law
   to the jury or to usurp the province of the court.

2. SAME—FINAL ARGUMENT—READING LAW TO JURY—PROVINCE OF
COURT.
   Counsel usurps the function of the court when he attempts to
   cite a specific case to the jury and discuss it on final argument.

3. SAME—FINAL ARGUMENT—READING LAW TO JURY.
   Trial court's direction to defendants' counsel that he avoid dis-
   cussion of details of the law during final argument, after plain-
   tiff's counsel objected to reading of a case to jury *held,* proper.

4. APPEAL AND ERROR—INSTRUCTIONS CONSIDERED IN ENTIRETY.
   Instruction to jury must be considered in entirety when reversible
   error is claimed in a portion thereof.

5. SAME—INSTRUCTIONS—COUNTERCLAIM.
   Rights under defendants' counterclaim *held,* fully protected in
   instructions to jury,. where trial judge specifically covered the
   matter on 2 separate occasions, and left issue of fact as to such
   matter to the jury.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 492.
   Counsel's right in civil case to argue law or to read lawbooks to
   the jury.  66 ALR2d 9.
[2, 3] 53 Am Jur, Trial § 493.
[4, 5] 5 Am Jur 2d, Appeal and Error § 894.
[6, 12] 19 Am Jur 2d, Corporations §§ 1365–1368.
[7] 4 Am Jur 2d, Appeal and Error §§ 537, 538.
[8] 5 Am Jur 2d, Appeal and Error § 891.
[9, 10] 19 Am Jur 2d, Corporations §§ 1500, 1502.
[11] 5 Am Jur 2d, Appeal and Error §§ 831, 882.
[13] 5 Am Jur 2d, Appeal and Error § 1014.

6. Corporations—Failure to File Reports—Presumption of Negligence.

Presumption that officer of corporation was guilty of wilful negligence in refusal to file annual corporate report is open to rebuttal and is not conclusive (CLS 1961, § 450.87).

7. Appeal and Error—Request to Charge Contrary to Statute.

Trial court was correct in refusing to submit a requested instruction which was in direct conflict with the plain terms of a statute (CL 1948, § 450.87).

8. Same—Requested Instructions—Objections.

Appellant may not assign error on trial court's refusal to give a requested instruction, where no specific objections were made to the instructions given to the jury on the point (GCR 1948, § 450.87).

9. Corporations—Merger or Consolidation—Question for Jury.

Question of merger or consolidation of defendant corporations was a question of fact for the jury even though steps required by statute to complete a merger or consolidation may not all have been taken (CL 1948, § 450.52 et seq.).

10. Same—Instructions—Merger or Consolidation.

Court correctly instructed jury on factors to be considered in determining whether or not a merger or consolidation had taken place, where steps required by statute to complete a merger or consolidation were not taken, and he need not limit the instruction to the statute involved (CL 1948, § 450.52 et seq.).

11. Appeal and Error—Evidence—Question for Jury.

Appellants' claim that verdict was against the great weight of the evidence is rejected, where case was tried before jury, there was a direct conflict of testimony, and sufficient evidence produced for jury to render a verdict.

12. Corporations—Proration of Liability of Officers—Failure to File Reports—Construction of Penal Statute.

Judgment against corporate officers based upon statute imposing liability on officers of corporations "during the period of such neglect or refusal" to file the annual report should be prorated as to the individual liability of such officers based upon their terms in office, since the statute, being penal in its nature, must be strictly construed (CL 1948, § 450.87).

13. Costs—Neither Side Prevailing in Full.

No costs are allowed on appeal, where judgment is affirmed in part and reversed in part, neither side prevailing in full.

Appeal from Mason; Stephens (Rupert B.), J. Submitted Division 3 November 3, 1965, at Grand Rapids. (Docket No. 337.) Decided April 12, 1966.

Complaint by Charles F. Wallace against Pere Marquette Fiberglass Boat Company, Inc., a Michigan corporation, Industrial Fiberglass Products Corporation, an Illinois corporation, Thomas C. Billig, Jr., and Helen H. Billig to recover wages due under an employment contract. Judgment for plaintiff. Defendants appeal. Affirmed in part and reversed in part.

George O. Walters, for plaintiff.

John W. Claire, for defendants.

BURNS, J. The plaintiff-appellee claims that he entered into a contract with Thomas C. Billig, Jr., manager of the Pere Marquette Fiberglass Boat Company, Inc., a Michigan corporation, hereinafter referred to as Pere Marquette, to work for said corporation for the sum of $650 per month. He commenced work on or about May 22, 1962, and continued his employment until December 6, 1962, when he was discharged. Appellee further claims he has received no compensation and is entitled to $4,225, less a small amount owed the defendant-appellants, and for social security and withholding taxes paid on his behalf by the appellants.

The appellee also contends there was a merger between Pere Marquette and the Industrial Fiberglass Products Corporation, an Illinois corporation, hereinafter referred to as Industrial, and as a result of this merger, Industrial is also liable for the wages.

Appellee further claims that Thomas C. Billig, Jr., and Helen H. Billig are liable individually, as officers of Pere Marquette during a period when the corporation had neglected or refused to pay the statutory fee required with the annual report, due May 15, 1962.

Conversely, the appellants claim the appellee's salary was $450 per month and his employment did not commence until July 20, 1962. Appellants filed a counterclaim alleging that appellee owed Pere Marquette $222.32 on invoices, and that he had removed certain tools and equipment belonging to the company valued at $135, which interrupted production and caused damages to Pere Marquette of $1,353.57. Consequently, appellants contend they do not owe the appellee anything.

The appellants deny there was a merger between Pere Marquette and Industrial. Appellants further deny that Thomas C. Billig, Jr., and Helen H. Billig are liable individually, as the corporation had already defaulted in the filing of the annual report and payment of the statutory fee at the time the parties were appointed officers of the corporation.

The jury returned a verdict for the appellee.

Appellants raise several issues on appeal.

The appellants assert the court erred in refusing counsel the prerogative to read Michigan law to the jury during his final argument. During final argument to the jury, the following occurred while appellants' counsel had a volume of the Michigan Reports in his hand:

"*Mr. Claire:* Again, I say, that Mr. Wallace looked to the credit of Pere Marquette, if any, if it ever developed, this is where he was looking for his money. Now, the Michigan Supreme Court ruled— there was a case in, a quite a few years back in 201 Michigan, the Reports—

"*Mr. Walters:* I hesitate to object, Your Honor, however, I think it is not the province of the attorney to instruct the jury in the law.

"*Mr. Claire:* I think it's proper, Your Honor, to cite a case and what it holds without reading the case in to the jury.

"*The Court:* I think it is better for counsel to avoid a discussion of the details of the law during their argument."

Unfortunately, only the preceding portion of the entire argument was transcribed. From the available record we do not know if counsel ever stated his theory of the law to the jury. The law in Michigan is clear. Counsel has a right to state his theory of the law, but he does not have the right to read law to the jury or to usurp the province of the court. See *Fosdick* v. *VanArsdale* (1889), 74 Mich 302; *Pallas* v. *Crowley-Milner Co.* (1952), 334 Mich 282.

When the appellants' counsel attempted to cite a specific case to the jury and discuss it, he was usurping the function of the court. The court did not refuse the appellants' counsel the opportunity to discuss his theory of law. The court asked him to avoid a discussion of the details of the law during his argument. The court correctly upheld the objection of the attorney for the appellee.

The appellants insist the court erred in several of its instructions.

In reading one of the controlling statutes, CL 1948, § 450.87 (Stat Ann 1963 Rev § 21.87), the court omitted part of the statute. The court stated:

"You are further instructed that, under the laws of this State, if any corporation neglects or refuses to make and file the annual reports, and/or pay the privilege fees within the time specified, and shall continue in default for 10 days after May 15th, that its corporate powers shall be suspended thereafter

until it shall file such report, and that it may not maintain any action or suit in any court of this State during the time of such default. Now, the laws of this State also provide that any officer or officers of such corporation so in default, who have neglected or refused to join in making the reports and/or pay such fees shall be liable for all of the debts of such corporation contracted during the period of such neglect or refusal."

The pertinent portion of the statute actually reads as follows:

"and it shall not maintain any action or suit in any court of this State *upon any contract entered into* during the time of such default." (Emphasis supplied.)

The appellants maintain that omitting the words "upon any contract entered into" was prejudicial, and the omission was detrimental to them as the jury could have interpreted said language to bar the appellants' counterclaim.

The Supreme Court of the State of Michigan has consistently held that instructions must be viewed in their entirety. *Cree Coach Company* v. *Wolverine Insurance Company* (1962), 366 Mich 449. The trial judge, on two separate occasions in his charge specifically covered the matter set forth by the appellants in their counterclaim, and told the jury in effect that if they found from the evidence that the appellants' claims were correct, the jury should return a verdict for the appellants. Therefore, the appellants' rights concerning their counterclaim were fully protected.

Counsel for the appellants requested the trial judge to submit the following instruction regarding the individual liability of Mr. and Mrs. Billig:

"You may, in determining whether they are personally liable, also consider whether plaintiff was

prejudiced or misled as to the condition of the corporation when extending credit to it."

The appellants based this instruction on the case of *Macbeth-Evans* v. *Gumbinsky* (1918), 201 Mich 18.

The *Macbeth Case* stands for the proposition of law that the presumption of wilful negligence or refusal arising from proof that the (annual corporate) report was not filed is open to rebuttal and is not a conclusive presumption. That portion relied upon by the appellants was dictum, and the court also stated, *"While not controlling, this is regarded."* (Emphasis supplied.)

The instruction requested by the appellants was in direct conflict with the plain terms of the statute and the trial court was correct in refusing to submit the requested instructions.

The appellants state the trial court erred in the following instructions:

"Now the defendant, Pere Marquette Fiber Glass Boat Company, claims damages against the plaintiff for loss of profits. Prospective profits on an established and going business can often be estimated in the light of the past. But, a new or uncertain business may be in the realm of conjecture. If you are satisfied from a preponderance of the evidence that the defendant, Pere Marquette Fiber Glass Boat Company, Incorporated, has proven loss of its profits, you should set off damages suffered by the plaintiff by that amount. However, you may not guess at the amount of damage or loss of profits."

Appellants made no specific objections to the instructions given to the jury on this point and, therefore, under GCR 1963, 516.2,[1] they cannot now assign it as error on appeal.

1-"Objections. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the

The appellants object to the instruction by the court relating to a merger between Pere Marquette and Industrial. It is their contention that the court should have limited its instructions to the statute involved.[2]

In this case the parties did not take the steps required by the statute to complete a merger or consolidation, but there were several acts by both corporations which could be interpreted as indications of a merger or consolidation in fact. The court fairly and correctly instructed the jury on the factors to be considered in determining if in fact a merger or consolidation had taken place. It has been held that upon the trial of a case a party could show that a merger or consolidation had in fact taken place. See *Green* v. *Michigan United Railways Co.* (1909), 159 Mich 58.

Lastly, appellants claim the verdict was against the great weight of evidence. The case was tried before a jury and there was a direct conflict of the testimony. The jury chose to believe the appellee, and there was sufficient evidence produced for the jury to render a verdict.

However, the jury did return a verdict in the amount of $3,071.50 against all of the appellants. The testimony clearly indicates that to arrive at this sum the verdict was based upon the salary of $650 per month, for a period of 6-1/2 months, less moneys advanced by the appellants on behalf of the appellee.

The judgment against the appellants, Thomas C. Billig, Jr., and Helen H. Billig, was based upon the statute imposing liability on the officers of a cor-

jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury." GCR 1963, 516.2.

[2] See CL 1948, § 450.52 *et seq.* (Stat Ann § 21.52 *et seq.*).—RE-PORTER.

poration "during the period of such neglect or refusal"[3] to file the annual report. The provision of the statute being penal in its nature must be strictly construed. See *Macbeth-Evans* v. *Gumbinsky, supra.*

The term of employment of the appellee was 6–1/2 months or 28 weeks. The Billigs were officers of the corporation for a period of 7 weeks, while said corporation was in default for failure to file its annual report. The judgment against the Billigs should be prorated as to their individual liability accordingly.

The cause is remanded to the circuit court for entry of a judgment consistent with this opinion. Neither side prevailing in full, no costs are awarded.

HOLBROOK, P. J., and J. H. GILLIS, J., concurred.

---

[3] CL 1948, § 450.87 (Stat Ann 1963 Rev § 21.87).