## TORONGO v. MIRIANI

1. TRIAL—JURIES—VIEW OF TRUCK INVOLVED IN ACCIDENT—DISCRETION.
   Whether or not the jury may view the scene or object involved in an accident is within the discretion of the trial court.

2. SAME—ACCIDENT—JURY VIEW.
   View of jury of truck involved in accident which had been sold, four years after accident, *held*, proper where there was

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 442.
[2] 53 Am Jur, Trial §§ 441, 442, 451.
[3] 53 Am Jur, Trial §§ 524, 525.

sufficient testimony for the jury to find that the truck involved in accident was the one it had viewed and where the trial court carefully charged the jury on the weight to be given any observations they might make from a view of the truck due to the lapse of time and the changed conditions.

3. SAME—CHARGE—STATEMENT OF PERTINENT LAW.

It is proper for a trial judge to refuse to give a requested instruction which is not a complete statement of the pertinent law.

Appeal from Wayne, Swainson (John B.), J. Submitted Division 1 October 9, 1968, at Detroit. (Docket No. 3,616.) Decided December 2, 1968. Rehearing denied January 15, 1969. Leave to appeal denied July 24, 1969. 382 Mich 771.

Complaint by Hector Torongo and Elizabeth Torongo against Anthony Miriani and Arthur Gattoni for injuries sustained by Hector when defendants' ice cream truck backed into him. Verdict and judgment of no cause of action. Plaintiffs appeal. Affirmed.

*Tony Ferris* (*Roland L. Olzark,* of counsel), for plaintiffs.

*Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardle,* for defendants.

R. B. BURNS, J. Plaintiffs appeal a jury verdict of no cause of action. Plaintiffs Hector Torongo and Elizabeth Torongo instituted suit for injuries sustained by Hector when the defendants' ice cream truck backed into him. As General Accident Fire and Life Assurance Corporation had made workmen's compensation payments to Hector it was al·

lowed to intervene. For the balance of this opinion "plaintiff" refers only to Hector Torongo.

The accident occurred at the "Mr. Softee" plant on June 30, 1962, where defendant had gone to purchase supplies. When he got into his truck to leave the plant the engine would not start and plaintiff, a mechanic at the plant, assisted defendant in starting it. Plaintiff got a battery booster from the tool crib and connected the booster cables to the truck's battery. He pressed the solenoid switch on the booster and told the defendant to turn on the ignition. Defendant, who was in the cab of the truck, turned the ignition switch and the engine started. However, as the engine was idling it stopped and the process had to be repeated. The second time the parties attempted to start the engine the truck suddenly lurched backward and struck plaintiff.

One of the main conflicts during trial was the location of the truck's battery. Plaintiff claimed the battery was located in the rear of the truck, but in front of a large generator used for the cooling equipment, and because of its location and the fact that the booster cables were only 5 or 6 feet in length, he was required to stand directly behind the truck. Defendant contended the battery was located in the extreme left rear of the truck and this location would have permitted plaintiff to stand at the side of the truck when the booster was activated.

At the trial held in March, 1966, defendant introduced in evidence pictures of the truck but it developed that defendant had sold the truck to a Robert Krause in July, 1964. The pictures submitted show the battery location to be in the extreme left rear of the truck as contended by defendant. Defendant requested that the jury be allowed to view the truck. Plaintiff objected to the jury's viewing the truck on the grounds that the truck had not been properly

identified as the one involved in the accident, that over 4 years had elapsed since the date of the accident and that the truck had changed hands and had undergone physical changes. Defendant and Krause testified as to the sale and purchase of the truck and certain repairs that had been made to it. Both stated that the battery location had not been changed since the date of the accident. The Court allowed the jury to view the truck and left the question of identity and structural changes to the jury.

Plaintiffs claim the Court erred by allowing the jury to view the truck. It is the general rule that permitting a jury to view the scene or object involved in an accident is within the discretion of the trial court. *Stewart* v. *Cincinnati, W. & M. R. Co.* (1891), 89 Mich 315; *Dupuis* v. *Saginaw Valley Traction Co.* (1906), 146 Mich 151; *People* v. *Frontera* (1923), 223 Mich 258. See also 85 ALR 2d 512 and 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Rule 513.

In the present case there was sufficient testimony for the jury to find that the truck involved in the accident was the one it had viewed. Moreover, there was testimony from both owners that the battery location had not been changed. The trial court carefully charged the jury on the weight to be given any observations they might make from a view of the truck due to the time elapsed and the changed conditions. The trial court did not abuse its discretion by allowing the jury to view the truck in question.

Plaintiffs also claim the court erred by refusing to give one of their instructions. The first paragraph of the instruction reads as follows:

"I charge you that every person has a right to presume that every other person will perform his duty to obey the law, and in the absence of reasonable ground to think otherwise, it is not negligence

to assume that he is not exposed to danger which can come to him only from violation of law or duty to such other person."

While this charge would have been proper under different circumstances it was not applicable in the present case. *Corey* v. *Hartel* (1921), 216 Mich 675, cited by plaintiffs as authority for the instruction, involved a car crossing over the center line and striking a person riding on a sleigh, which was the breach of a statutory duty. Such were not the facts in the present case and it is proper for a trial judge to refuse to give a requested instruction which is not a complete statement of the pertinent law. *Browne* v. *Fenestra, Inc.* (1965), 375 Mich 566. The court did charge the jury that defendant had the duty to act as a reasonably prudent man under the circumstances. This was the correct charge.

Affirmed. Costs to defendants.

J. H. GILLIS, P. J., and KELLEY, J., concurred.