KOEPEL *v.* ST. JOSEPH HOSPITAL.

1. TRIAL—REMARKS OF COUNSEL—CLOSING ARGUMENT—PREJUDICE.

Remark of counsel in closing argument to jury that he had subpoenaed an operating table but that it had not been produced when in fact no such subpoena had been served on the hospital *held*, not to constitute reversible error since it was not so prejudicial as to have been beyond repair by corrective instruction to the jury.

2. APPEAL AND ERROR—REMARKS OF COUNSEL—OBJECTION—SAVING QUESTION FOR REVIEW.

Defense counsel did not preserve for review the question of whether the impact of remarks by plaintiff's counsel in argument to the jury was such as would constitute reversible error where he merely objected to the remarks without making either the motion for mistrial or request for corrective instruction the denial of which is requisite to the right of appellate review of the effects of such remarks.

3. COSTS—ALL COURTS.

Costs in trial court, Court of Appeals, and Supreme Court are awarded plaintiff where judgment of trial court, which had been reversed by Court of Appeals, is affirmed by Supreme Court upon reversal of the Court of Appeals.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 807.
[2] 5 Am Jur 2d, Appeal and Error §§ 624–627.
[3] 5 Am Jur 2d, Appeal and Error §§ 1010–1012.

Appeal from Court of Appeals, Division 3, Fitzgerald, P. J., and Holbrook and Burns, JJ., reversing Houghton, Brennan (Leo J.), J. Submitted November 12, 1968. (Calendar No. 6, Docket No. 51,912.) Decided December 27, 1968.

8 Mich App 609, reversed.

Complaint by Louis D. Koepel against St. Joseph Hospital and Medical Center for personal injuries suffered during an operation. Judgment for plaintiff. Reversed and remanded by Court of Appeals. Plaintiff appeals. Reversed and judgment of trial court affirmed.

*Wisti, Jaaskelainen & Schrock,* for plaintiff.

*McLean & Healy,* for defendant.

BLACK, J. The question posed for current review was dealt with below as in syllabi 4 and 5 outlined (8 Mich App 609, 610). It is whether the technical misstatement of plaintiff's counsel, made in closing jury argument ("We subpoenaed it [the operating table] but it did not show up."), constituted reversible error.

We hold it did not for two reasons. One is that the quoted error of counsel did not rise to any plane of prejudice according to the standard of regularly cited *Dikeman* v. *Arnold* (1890), 83 Mich 218. The other is that the defendant failed to save this question for review, either by motion for mistrial or request for corrective instruction.

*First:* *Dikeman* proceeds (pp 221, 222):

"Various exceptions were taken to the remarks of Mr. Boudeman, one of the attorneys for the plaintiffs, in summing up the case to the jury. While

some of his deductions from the testimony, and claims made by him, might not coincide with our ideas, we find no such error in any of his remarks as would warrant a reversal of the judgment. An attorney is entitled to some license in his argument, and the testimony to him may bear quite different inferences and conclusions than might be deduced by a disinterested and unbiased judge. But if we were to reverse cases because the attorneys of the parties claimed more from the testimony for their clients than we could discern in the evidence, or argued that facts were established when we thought they were not, we should not only invade the province of the jury, but vacate most, if not all, of the judgments that come for review before us."

Definitely, there is not here before us that kind of jury argument which is so prejudicial as to be beyond repair—by curative instruction. Such an argument was held to warrant reversal, though no curative request was made, in *Steudle* v. *Yellow & Checker Cab & Transfer Co.* (1938), 287 Mich 1. A classic as well as salty example thereof appears in Justice GRANT's opinion of *Andrews* v. *Tamarack Mining Co.* (1897), 114 Mich 375, 384. There the plaintiff's attorney reviewed the alleged misdeeds of the defendant's foreman this way:

"Tom Maslin, with his little soul, thought more of the cost of sending those men to put timbers in there than he did of the human lives that were under his control; and that ten million souls of men like that could get inside a mustard seed and never lack for room."[1]

*Second:* Too much stress cannot be laid upon the postulate that something more than an objection

---

[1] It is possible that the counsel, Mr. Riley, drew his scorching metaphor from Mark, IV:31:

"It is like a grain of mustard seed, which, when it is sown in the earth, is less than all the seeds that be in the earth".

—to allegedly improper jury argument—is requisite to the *right* of appellate review of such an argument. This has been pointed out so many times as to make of the postulate a veritable commonplace. If counsel defending thinks that his defense has been hurt incurably by a prejudicial closing argument, his remedy of prompt motion for mistrial is open to him. If on the other hand the situation in his view is reparable by the trial judge, a formal request for judicial correction is not only in order but tactically valuable. So, when the defendant conceives himself prejudiced by factual misstatements or inflammatory forensics delivered in the course of final argument, and yet does not want to go through another trial via motion for mistrial, it is highly important that he ask for and obtain relief through an affirmative request which, couched in his own needful language rather than the possibly more casual idiom of the trial judge, will effectively erase the item or items of concern.

Really, this is a most effective means of repair. Nothing takes more sting out of an opponent's specifically identifiable and allegedly prejudicial mistake or conduct committed during final argument than a fair and due request for judicial correction thereof. Then, as often wryly observed by veterans of the bar, the judge gets the last and most effective argument of all.

Defendant, however, relying upon GCR 1963, 516-.2, says that his *objection,* that alone, was sufficient to save the stated question for review. Not so. Rule 516.2 applies to the giving of or failure to give an instruction. Its language supposes that the trial judge, in the view of objecting counsel, has either misinstructed the jury or has failed to grant a submitted and appropriate request for instruction. In the case at hand there is no claim of misinstruction,

and counsel submitted no pertinent request for additional instruction.

The foregoing considered, we conclude that Division 3[2] has misinterpreted and misapplied *Kujawski* v. *Boyne Mountain Lodge, Inc.* (1967), 379 Mich 381. That case holds as now is held that counsel's objection to allegedly prejudicial jury argument was not saved for review, "no request for a corrective instruction having been made at any time." Too, *Kujawski* recommends anew the "preferable method" which originally was written in *Mayo* v. *Wright* (1886), 63 Mich 32, 37, 38.[3] In *Mayo* the aggrieved defendant did prefer a corrective request and prevailed for want of grant thereof by the trial judge.

The judgment of Division 3 is reversed and the judgment of the trial court will be affirmed. Costs of all 3 courts to plaintiff.

DETHMERS, C. J., and KELLY, T. M. KAVANAGH, ADAMS, and T. E. BRENNAN, JJ., concurred with BLACK, J.

O'HARA, J., took no part in the decision of this case.

---

[2] The Division of the Court of Appeals which reviewed this case.— REPORTER.

[3] "Two ways are open for counsel for a defendant when the plaintiff's counsel, in his closing argument to a jury, takes positions not warranted by the pleadings and evidence. One is to object to the statements of counsel, and obtain a ruling of the court upon them, as to whether they are proper or improper to be made; the other is to request the court to instruct the jury upon the point, so that any false or erroneous positions may be corrected. The latter is the preferable method, as it conduces to a more orderly and seemly disposition of the matter in dispute, while a resort to the former interrupts argument, and is apt to foment contention and distract the mind of the jury."