AUTO-ION CHEMICALS, INC., v. GATES RUBBER COMPANY

1. WITNESSES—OPINION—QUALIFICATIONS—DISCRETION.

The determination of the qualifications of a witness to give opinion testimony is a matter within the discretion of the trial judge and it was not an abuse of discretion to allow a witness for the defendant to demonstrate the magnetic properties of carbon steel and stainless steel and to testify that certain welding was done using carbon steel welding rods to rebut plaintiff's claim that the welding was done with stainless steel rods where the witness, even though not a welder, indicated that he was familiar with the type of welding repairs at issue because of his job; the witness could properly give opinion testimony since his knowledge was considerably greater than that of the average juror.

2. WITNESSES—OPINION—QUALIFICATIONS.

A witness who has knowledge greater than the average juror as to the matters about which he testifies may, in the discretion of the court, give opinion testimony; the fact that he is not an expert as to those matters does not affect admissibility, it merely affects the weight of the testimony.

3. EVIDENCE—CIRCUMSTANTIAL EVIDENCE—FOUNDATION—CERTIFICATE OF TITLE.

A certificate of title to a vehicle offered to prove the date of acquisition of that vehicle was properly excluded where plaintiff failed to lay a proper foundation; the title would not necessarily show that the date on the title was the date of acquisition because it is possible for a new certificate to be issued upon discharge of a prior lien.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 31 Am Jur 2d, Expert and Opinion Evidence §§ 24, 25.
[3] 29 Am Jur 2d, Evidence § 251 et seq.
[4] 5 Am Jur 2d, Appeal and Error § 603.
[5] 53 Am Jur, Trial § 824 et seq.
   5 Am Jur 2d, Appeal and Error § 623.

4. Appeal and Error—Evidence—Exhibits—Exclusion—Preserving Question.

> A contention by plaintiff that the trial court erred in excluding exhibits on the ground of failure to lay a proper foundation will not be heard on appeal where the record shows that plaintiff neither attempted to overcome the objection of defendant nor attempted to establish a foundation.

5. Appeal and Error—Instructions to Jury—Preserving Question.

> Failure to object to jury instructions as given when there is an opportunity to do so at trial waives the right to appeal those instructions even though the court rule regarding submission by counsel of proposed jury instructions in writing was not strictly followed at trial (GCR 1963, 516).

Appeal from Kalamazoo, Wade Van Valkenburg, J. Submitted Division 3 March 31, 1971, at Grand Rapids. (Docket No. 9847.) Decided May 19, 1971.

Complaint by Auto-Ion Chemicals, Inc., against Gates Rubber Company for breach of contract. Verdict and judgment of no cause of action. Plaintiff appeals. Affirmed.

*John F. Rooney,* for plaintiff.

*Stapleton & Adams, P. C.* (by *Charles E. Ritter*), for defendant.

Before: Holbrook, P. J., and Bronson and O'Hara,* JJ.

Bronson, J. Plaintiff, Auto-Ion Chemicals, Inc., a Michigan corporation, brought this suit against defendant, Gates Rubber Company, a Colorado corporation, alleging breach of contract. Plaintiff ap-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

peals as of right from a jury verdict of no cause of action.

The contract which formed the subject of this litigation required defendant to install a 3/16-inch rubber inner lining on plaintiff's tanker truck to allow transportation of chemical substances. Plaintiff alleged below that electrical equipment on the tanker was damaged by defendant's workmen and that because only a 1/16-inch lining was installed the resulting failure of the rubber and damage to the truck was chargeable against defendant. Defendant denied damaging the electrical equipment and claimed that the liner, when installed, met industry specifications, but that plaintiff's misuse caused the failure.

Part of plaintiff's claim for damages was the cost of welding repair to the tanker trailer. As evidence of the cost of such repair, plaintiff offered an itemized bill which listed a charge for stainless steel welding rods. Defendant produced a witness who demonstrated to the jury the magnetic properties of carbon steel as opposed to comparatively nonmagnetic stainless steel. He testified that from his observations and tests with a magnet that the welding done on plaintiff's carbon steel tanker was done using carbon steel rods, and noted the presence of a stainless steel tanker of the same unique configuration on plaintiff's premises. The obvious implication of such testimony was that plaintiff's bill for repairs did not relate to the cost of repair of the damaged vehicle, but to the stainless steel tanker.

Plaintiff claims that the admission of such testimony from a witness not qualified as an expert welder was error. We disagree. The witness was the manager of defendant's branch office in Iowa, and while not a welder himself, indicated he was familiar with the types of welding repair done on

tankers prior to installation of rubber lining. The determination of the qualifications of a witness to give opinion testimony is a matter within the discretion of the trial judge. *Accetola* v. *Hood* (1967), 7 Mich App 83; *People* v. *Hawthorne* (1940), 293 Mich 15. It was not an abuse of judicial discretion to allow the demonstration of the magnetic properties of stainless steel or the testimony of this witness since his knowledge in the field is considerably greater than that of the average juror. *United States* v. *Porter* (ED Mich, 1925), 9 F2d 153; *Colwell* v. *Alpena Power Co.* (1916), 190 Mich 255.

Whether the test used by the witness was valid would affect the weight of the testimony, not its admissibility. However, it is difficult to see how plaintiff can dispute the result of the test since plaintiff's principal witness stated earlier in trial that stainless steel rods would not be used to weld carbon steel.

Plaintiff attempted to counter the implication that the bill of repairs related to work done on the stainless steel tanker by offering a certificate of title to that vehicle. The purpose for which this certificate was offered was to show that plaintiff had not acquired the stainless steel tanker until some time after the stainless steel welding repair work was done. Unless a proper foundation is established, such an exhibit would not necessarily show that the date on the title was the date plaintiff first acquired the vehicle since it is quite possible for a new certificate of title to be issued upon discharge of a prior lien. Absent such foundation, we find no error in not admitting this exhibit into evidence.

Plaintiff asserts the trial court erred by failing to admit other proposed exhibits into evidence. The basis for defendant's objection to these exhibits was again the failure to lay proper foundation. The

record shows that plaintiff neither attempted to overcome defendant's objection or further establish the necessary foundation. Post-judgment analysis does not preserve these issues for review on appeal where the alleged errors could have been corrected at trial. *Baldwin* v. *Nall* (1948), 323 Mich 25; *Metz* v. *City of Bridgman* (1963), 371 Mich 586.

Plaintiff's claim of error in the trial judge's jury instructions is also not preserved. It appears that the requirements of GCR 1963, 516 regarding submission by counsel of proposed jury instructions in writing was not strictly followed. Nevertheless, plaintiff was given opportunity to object to the charge as given, and failed to do so. Failure to so object waives the issue on appeal. *Sarazin* v. *Johnson Creamery, Inc.* (1964), 372 Mich 358; *Hill* v. *Harbor Steel & Supply Corporation* (1965), 374 Mich 194; *Hunt* v. *Deming* (1965), 375 Mich 581. We find no error.

Affirmed.

All concurred.