CORBIN *v.* HITTLE

1. JURY—VOIR DIRE—DISCRETION.

A trial judge is vested with large discretion in *voir dire* examination and his decision will not be reversed absent abuse.

2. JURY—VOIR DIRE—DISCRETION.

Refusal to ask the veniremen on *voir dire* if they or their families had ever been treated by a chiropractor either within or out of this state was not an abuse of discretion, even though plaintiff's expert witness was a chiropractor, because the answers to the questions would not have aided defendant's making peremptory challenges.

3. AUTOMOBILES—NEGLIGENCE—PLAINTIFF'S INJURIES—EVIDENCE.

A victim of an automobile accident was properly allowed to testify as to the sensations he experienced after the accident, because he was testifying as to his own health or physical condition at particular times and he was not testifying as an expert as to the character or extent of the personal injury which he has sustained.

4. AUTOMOBILES—NEGLIGENCE—EVIDENCE—PLAINTIFF'S TESTIMONY—CAUSE OF INJURIES.

Allowing an automobile accident victim to testify, when describing his physical condition after the accident, that his condition was *caused* by the accident was not reversible error where (1) the trial judge instructed the jury that they alone

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Jury § 200.
[2] 47 Am Jur 2d, Jury § 207.
[3] 31 Am Jur 2d, Expert and Opinion Evidence § 96.
[4] 31 Am Jur 2d, Expert and Opinion Evidence § 147.
[5-7] 31 Am Jur 2d, Expert and Opinion Evidence § 107.
[5-8] Chiropractor's competency as expert in personal injury action as to injured person's condition, medical requirements, nature and extent of injury, and the like. 52 ALR2d 1384.
[8] 31 Am Jur 2d, Expert and Opinion Evidence §§ 107, 119.

were to determine the facts from the evidence, (2) a chiropractor testified that plaintiff's injuries were permanent and that he would never be entirely free of pain, and (3) because without plaintiff's saying so, it must have been clear to the jury that the plaintiff felt that the accident had *caused* his injuries.

5. PHYSICIANS AND SURGEONS—WITNESSES—CHIROPRACTORS.

A chiropractor is qualified to testify in a personal injury action concerning matters within the scope of his profession or practice.

6. PHYSICIANS AND SURGEONS—CHIROPRACTORS—EXPERT WITNESSES —STATUTES.

A chiropractor is permitted by statute to practice a restricted form of medicine; therefore, the courts must allow a chiropractor to give expert testimony but with some restrictions (MCLA § 338.156).

7. PHYSICIANS AND SURGEONS—CHIROPRACTORS—EXPERT WITNESSES —BACK AND NECK INJURIES.

A chiropractor was properly allowed to state that the plaintiff, his patient, would always have pain and that the plaintiff's injuries were permanent where the testimony primarily concerned back and neck injuries.

8. AUTOMOBILES—NEGLIGENCE—DAMAGES—FUTURE PAIN.

The issue of future pain and suffering in an automobile negligence case was properly submitted to the jury where plaintiff testified that he experienced sensations of pain up to the time of trial and plaintiff's expert witness, a chiropractor, testified that in his opinion the pain plaintiff experienced would continue always.

Appeal from Ingham, Marvin J. Salmon, J. Submitted Division 2 May 5, 1971, at Lansing. (Docket No. 9615.) Decided June 25, 1971.

Complaint by Donald A. Corbin against George Arthur Hittle for personal injuries received in an automobile accident. Judgment for plaintiff. Defendant appeals. Affirmed.

*Younger & Keyworth,* for plaintiff.

*Burwell & Shrank* (*Eric E. Humpsch,* of counsel), for defendant.

Before: McGREGOR, P. J., and BRONSON and O'HARA,* JJ.

PER CURIAM. This case is a personal injury action arising out of an automobile accident. From a jury verdict and judgment for plaintiff, defendant appeals. The accident out of which this action arose occurred on January 8, 1965. Plaintiff testified that immediately after the accident he experienced shock, nausea, plus pain in his neck, back, and right elbow. He further testified that he experienced continuous pain in his neck and back ever since the accident. At the time of trial he stated that he presently experienced intermittent discomfort which restricted activities in work about his home, endured discomfort in extended driving, in playing golf, etc.

Dr. Murray Vinnik testified at trial that he is a chiropractor and examined Donald Corbin on January 11, 1965. Dr. Vinnik testified: (1) that he took a case history of plaintiff; (2) that he did an oscillopation of plaintiff's heart and lungs; (3) that he did a urinalysis and an analysis of plaintiff's posture and gait; and (4) that he took x-rays of plaintiff's spine. This witness then said that from the above tests he found, *inter alia:* (1) a stiff neck; (2) severe headaches; (3) ringing in the ears; (4) limitation on pain in shoulders; (5) nausea and dizziness; (6) a compound scoliosis nerve injury; (7) that the cervical vertebra number seven was out of place; (8) that by reason of severe muscular contraction pressure was exerted on nerves creating pain and dizzi-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ness, blackouts, ringing in the ears, general nervousness, and insomnia; and (9) that the three occasions of unconsciousness described by plaintiff could have been caused by malfunction of spinal cervical nerves affecting the blood supply to the brain or by the vertical artery being damaged or by overstimulated nerves producing cervical anemia.

On May 2, 1970, Dr. Vinnik made another examination of plaintiff at the request of the latter's attorney. The doctor had not seen the plaintiff since November 21, 1966. In this examination the doctor: (1) listened to plaintiff's heart and lungs; (2) checked plaintiff's reflexes and conducted range of motion tests; (3) checked plaintiff's gait, walk, balance, posture, and reaction to simple questions; and (4) took x-rays. The witness then gave his opinion, over objection, that plaintiff would have problems with his neck the rest of his life and would never be free of pain.

At the outset of trial the defendant requested that the trial judge direct the following questions to the jury on *voir dire:* (1) Has any member of this jury or their immediate family ever engaged the services of a chiropractor within the state of Michigan? (2) Has any member of the jury or their immediate family ever engaged the services of a chiropractor in any state other than Michigan? The trial judge declined to present these interrogatories to the jury and defendant assigned that refusal as error.

The general rule on the scope of *voir dire* examination is that the trial judge is vested with large discretion in the area and his decision will not be reversed absent abuse. *Darr* v. *Buckley* (1959), 355 Mich 392; *People* v. *Rose* (1934), 268 Mich 529; *People* v. *Simpson* (1966), 5 Mich App 479. See, also, GCR 1963, 511.3; 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 465. It

does not appear at all certain that answers to the above questions would have aided defendant's counsel in making peremptory challenges. A juror who answered "no" to the questions might be more biased in favor of a chiropractor than a person who answered "yes". Resultingly, we do not feel that the trial judge abused his discretion in refusing to ask the requested questions.

Defendant's second assignment alleges that the trial court committed reversible error by allowing plaintiff to testify that he had suffered occasions of neck pains and stomach cramps followed by unconsciousness and that these were the results of injuries suffered in the accident. In the case at bar, the plaintiff, while not a doctor, could properly testify as to the sensations which he experienced. An analysis of this situation is contained in 32 CJS, § 546(22), p 149, where it is stated:

"While a nonexpert or lay witness may not testify as an expert and give expert testimony as to the character or extent of a personal injury which he has sustained, a witness has been permitted to testify as to his own health or physical condition, his statements being regarded in some cases as a collective statement of fact. He may state simple inferences drawn by him from his own conscious subjective sensations as to his physical condition, and may testify as to the condition of his health and freedom from sickness at a particular time; and, according to some cases, may state his notion or feeling as to the character or extent of an injury and the personal results he has experienced therefrom.

"So it has been held or recognized that it is permissible for a witness to state his injury and prior condition; that an infection developed in his body and that it was uncontrolled; to state his physical symptoms or sympathetic symptoms; and to state

his suffering or the pain which he suffered after an injury, and how he suffered, and the extent of his suffering, by reason of a personal injury."

See, also, *Magda* v. *Johns* (1964), 374 Mich 14; *Rypstra* v. *Western Union Telegraph Co.* (1965), 374 Mich 166; *Konieczka* v. *Mt. Clemens Metal Products Co.* (1960), 360 Mich 500.

For this reason the plaintiff could testify as to his injuries after the accident. The objectionable part of plaintiff's testimony was the assertion that his injuries subsequent to the accident were *caused* by it. However, we do not feel that the admission of this testimony was reversible error. First, the trial judge instructed the jury that they alone were to determine the facts from the evidence. Secondly, Dr. Vinnik testified that the plaintiff's injuries were permanent and that he would never be entirely free of pain. Thirdly, without the plaintiff saying so, it must have been clear to the jury that the plaintiff felt that the automobile accident in question had *caused* his subsequent injury. With these things in mind, even if the allowance of this testimony was error, it was harmless.

Defendant's third assignment alleges that the trial court committed reversible error in permitting a chiropractor, who had treated plaintiff for injuries received in an automobile accident and examined plaintiff prior to trial for the purpose of testifying, to testify that plaintiff's injuries were permanent and that he would never be free of pain. While this issue does not appear to have been specifically decided in this state, it has been resolved in other jurisdictions. The general rule is that a chiropractor is qualified to testify in a personal injury action concerning matters within the scope of his profession or practice. *Watson* v. *Ward* (1967, Tex Civ App), 423 SW2d 457; *Taylor* v. *Maxwell* (1966), 197 Kan

509 (419 P2d 822); *Fries* v. *Goldsby* (1956), 163 Neb 424 (80 NW2d 171). In addition, a chiropractor has been held competent to testify as to the permanency of an injury. *O'Dell* v. *Barrett* (1932), 163 Md 342 (163 A 191); *Johnston* v. *Peairs* (1931), 117 Cal App 208 (3 P2d 617); Anno: Chiropractor's competency as expert in personal injury action concerning matters within the scope of profession or practice (1957), 52 ALR2d 1384; 11 Blashfield, Automobile Law and Practice, § 431.2, p 600.

In the case at bar, Dr. Vinnik testified as to general examinations made of the plaintiff, as to what was wrong with him, and as to whether plaintiff's injuries were permanent. A reading of his testimony reveals that it was primarily concerned with injuries to plaintiff's back and neck. A chiropractor in Michigan is permitted by statute, MCLA 1971 Cum Supp § 383.156 (Stat Ann 1969 Rev § 14.596), to practice a restricted form of medicine. Since the state allows and regulates such practice the Court also must allow it as expert testimony albeit with some restrictions. Resultingly, this assignment of error also lacks merit.

Finally, defendant contends that the trial court committed reversible error by submitting plaintiff's claims of future disablement and damages to the jury. We disagree. In the case at bar, the plaintiff testified that he experienced sensations of pain, etc., up to the time of trial. Dr. Vinnik testified that in his opinion the pain which plaintiff experienced would continue. With this evidence before the court, it was not error for the trial judge to instruct the jury on future pain and suffering.

Affirmed.