## BATES v CITY OF DETROIT

### OPINION OF THE COURT

1. TRIAL—VERDICT—APPEAL AND ERROR—JUDGE'S DISCRETION.

   A trial judge is given wide latitude in the conduct of a trial, and a verdict will not be reversed by an appellate court if the trial judge properly exercised his discretion.

2. TRIAL—JURY—LEAVING COURTROOM—JUDGE'S DISCRETION.

   A judge may allow a jury to leave the courtroom, when necessary, to hear testimony; therefore, allowing rebuttal testimony to be taken in a plaintiff's hospital room following unforeseen surgery during the trial was not an abuse of discretion.

3. JURY—VOIR DIRE—JUDGE'S DISCRETION—DISPLAY OF PHYSICAL INJURIES—PREJUDICE.

   The latitude of voir dire examination is largely within the discretion of the trial judge, and a judge properly refused to grant a mistrial after the display of the plaintiff's injured hand, which was the basis of the claim; the judge could properly conclude that the display of physical injuries during voir dire for determining possible juror bias was not overly prejudicial.

4. CONTINUANCE—REFUSAL TO GRANT CONTINUANCE—JUDGE'S DISCRETION.

   Refusal to grant a continuance near the end of a trial was not an abuse of the trial judge's discretion where the defendant requested the continuance to secure a handwriting expert to verify a signature on a report; the defendant sponsored the

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 47 *et seq.*

[2] 20 Am Jur 2d, Courts § 40.

  Place of holding sessions of trial court as affecting validity of its proceedings. 18 ALR3d 572.

[3] 47 Am Jur 2d, Jury § 201 *et seq.*

[4] 17 Am Jur 2d, Continuance §§ 3, 4.

[5] 57 Am Jur 2d, Negligence § 297.

[6] 75 Am Jur 2d, Trial § 197.

[7–9] 61 Am Jur 2d, Pleadings § 305 *et seq.*

document and therefore should have been prepared to vouch for its authenticity.

5. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT—
JURY QUESTION.

A defendant's request for a directed verdict based upon the plaintiff's contributory negligence was properly denied where, viewing the evidence in a light most favorable to the plaintiff, there is no doubt that reasonable men could differ in resolving the question of the contributory negligence; the question was properly for the jury.

6. TRIAL—ORAL ARGUMENT—VISUAL AIDS—INSTRUCTIONS TO JURY—
JUDGE'S DISCRETION.

The use of visual aids in oral argument is a matter of trial court discretion, and a trial judge exercised sound discretion by allowing counsel to use visual aids to illustrate the jury instructions where the attorneys and judge had negotiated acceptable jury instructions before closing argument and where counsel did not abuse the permission granted, correctly stated the instructions, and reminded the jury that the court was responsible for all matters of law.

7. PLEADING—AMENDMENT TO PLEADINGS—PREJUDICE—TYPOGRAPHI-
CAL ERROR.

Absent prejudice to the opposing party, leave to amend pleadings is to be freely given, and refusal to allow a defendant to amend its answer to the plaintiff's second amended complaint was error where the defendant claimed a typographical error and its proposed amendment would have made the answer parallel its previous answers.

8. PLEADING—AMENDMENT TO PLEADINGS—DETROIT HOUSE OF CORREC-
TIONS—HARMLESS ERROR.

Refusal of a trial court to allow the City of Detroit to amend its answer to the complaint of an inmate of the Detroit House of Corrections who brought an action for damages for injuries caused in a tractor accident was harmless error where despite the city's inability to argue that it had no control over the Detroit House of Corrections the city admitted ownership and control of the tractor, thereby providing a basis for liability even if the amendment had been allowed.

DISSENT BY J. H. GILLIS, P. J.

9. PLEADING—AMENDMENT OF PLEADINGS—PREJUDICE—DETROIT
HOUSE OF CORRECTIONS.

*Denial of defendant City of Detroit's request to amend its answer*

*to deny ownership and control of the Detroit House of Correc-
tions was reversible error in a case where an inmate was
injured and brought an action against the city; the city was
prejudiced by the denial of the amendment by being foreclosed
from arguing that the state controlled the Detroit House of
Corrections and consequently shared responsibility for the
plaintiff's injury.*

Appeal from Wayne, Dunbar Davis, J. Submit-
ted October 9, 1975, at Detroit. (Docket No. 20762.)
Decided January 26, 1976. Leave to appeal applied
for.

Complaint by Laydell Bates against the City of
Detroit for damages for injuries resulting from a
tractor accident. Judgment for plaintiff. Defendant
appeals. Affirmed.

*Barbara, Wisok, Ruby & Domol, P. C.,* for plain-
tiffs.

*Lewis, White, Lee, Clay & Graves, P. C.,* for
defendant.

Before: J. H. GILLIS, P. J., and BRONSON and
T. M. BURNS, JJ.

BRONSON, J. Defendant, City of Detroit, appeals
a jury verdict of $350,000 issued March 13, 1974 in
the Wayne County Circuit Court in favor of plain-
tiff. Defendant claims ten prejudicial and reversi-
ble errors were committed by the trial court dur-
ing the eight days of proceedings. We have re-
viewed the entire record and conclude that the
trial was fair. We affirm.

In this negligence action, plaintiff claimed that
while working as an inmate at the Detroit House
of Corrections farm his right hand was mutilated
when a tractor lurched backward as he was manu-
ally connecting a plow. Plaintiff claimed that the

lurching of the tractor was attributable to its faulty brake and/or its faulty clutch; the disrepair of the tractor was, in turn, attributable to the City of Detroit's failure to maintain the equipment.

Most of defendant's claims allege abuses of discretion by the trial judge. An appellate court will not reverse a verdict if the trial judge properly exercised his discretion; we give the trial judge broad latitude in conducting the trial. *E.g., Van Oordt v Metzler,* 375 Mich 526; 134 NW2d 609 (1965).

In particular, we feel that the judge in this case did not abuse his discretion in allowing plaintiff to amend the *ad damnum* clause, *Jones v Morgan,* 58 Mich App 455, 464; 228 NW2d 419 (1975); did not abuse his discretion in allowing one of plaintiff's witnesses to testify as an expert, *Auto-Ion Chemicals, Inc v Gates Rubber Co,* 33 Mich App 574, 577; 190 NW2d 357 (1971); and did not abuse his discretion by issuing a curative instruction, rather than declare a mistrial, after plaintiff's attorney misstated a fact. *Koepel v St. Joseph Hospital,* 381 Mich 440; 163 NW2d 222 (1968).

The trial judge exercised sound discretion in allowing rebuttal testimony to be taken in plaintiff's hospital room following unforeseen kidney surgery during the trial. We have previously held that a trial judge may allow the jury to leave the courtroom to view a thing or place involved in an accident. *Torongo v Miriani,* 14 Mich App 701; 166 NW2d 30 (1968). We feel that a judge may similarly allow the jury to leave the courtroom, when necessary, to hear testimony. A judge, sitting without a jury, may leave court to visit a witness. *Mettetal v Hall,* 288 Mich 200; 284 NW 698 (1939) (visit to incompetent in suit brought by guardian). There should be little difference in the trial judge's

discretion in making the decision to leave the courthouse when there is a jury. *Jamens v Shelby Township,* 41 Mich App 461, 466; 200 NW2d 479 (1972).

The judge acted properly in refusing to grant a mistrial following the display of plaintiff's injured hand during the voir dire. Our reading of the transcript does not, and probably could not, indicate any aura of sensationalism. If the trial judge did not find the display overly prejudicial, we are reluctant to do so on appeal. The latitude of voir dire examination is largely within the discretion of the trial judge. *E.g., Corbin v Hittle,* 34 Mich App 631, 634; 192 NW2d 38 (1971). We note, by analogy, that during the course of the trial, a trial judge has considerable discretion in permitting the plaintiff to display physical injuries. *Barfoot v White Star Line,* 170 Mich 349; 136 NW 437 (1912), *Gleason v Hanafin,* 308 Mich 31; 13 NW2d 196 (1944). While the purpose of voir dire is not evidentiary, the analogy to the *Barfoot* doctrine can be made nonetheless, because the conduct of voir dire, like the conduct of the trial, involves the judge's assessment of prejudice. If a trial judge can properly conclude that the evidentiary display of physical injuries is not overly prejudicial, the trial judge can similarly conclude that the display of physical injuries during voir dire for determining possible juror biases is not overly prejudicial.

The defendant argues that it should have been granted a one-day continuance near the end of the trial. Defendant alleged that it needed additional time to secure a handwriting expert in order to verify the signature on an accident report of an important witness. The witness had denied the signature. We have no doubt that expert testimony would have been very helpful to the triers of fact.

However, defendant, the sponsor of the document, should have been continually prepared to vouch for the authenticity of the report. The judge's refusal to halt the trial when it was near completion was not an abuse of discretion, given defendant's inexcusable lack of foreseeability and inadequate preparation. See *Johnkoski v Johnkoski,* 50 Mich App 542, 545–547; 213 NW2d 856 (1973).

The trial judge properly denied defendant's request for a directed verdict on the grounds of plaintiff's contributory negligence. Viewing the evidence in a light most favorable to plaintiff, there is no doubt that reasonable men could differ in resolving the question of plaintiff's contributory negligence. The question was properly for the jury. See, *e.g., Wilhelm v The Detroit Edison Co,* 56 Mich App 116, 126; 224 NW2d 289 (1974).

Defendant claims that the trial judge erred by refusing to issue a jury instruction offered by defendant concerning the negligence of a third person involved in the accident. We find this claim to be disingenuous, for the trial judge in fact issued the very instruction sought by defendant. Defendant cannot, on appeal, object to an instruction actively sought below.

Defendant argues that the trial court should not have allowed plaintiff's attorney to use visual aids during closing argument, setting forth the jury instructions to be given. We find that the use of visual aids in oral argument is, again, a matter of trial court discretion. *Campbell v Menze Construction Co,* 15 Mich App 407, 409; 166 NW2d 624 (1968). The Court's discretion should be more guarded when counsel seeks to argue what he believes to be the controlling law. *Cf., Wallace v Pere Marquette Fiberglass Boat Co, Inc,* 2 Mich App 605; 141 NW2d 383 (1966). Here, where the

attorneys and the judge had previously negotiated
acceptable jury instructions before closing argu-
ment, counsel could safely discuss and illustrate
the instructions without usurping the court's func-
tion of determining the law. The trial judge exer-
cised sound discretion by allowing counsel to use
visual aids to illustrate the jury instructions;
plaintiff's counsel did not abuse the permission
granted, for he correctly stated the instructions
and reminded the jury that the court was responsi-
ble for all matters of law.

Defendant's final and most substantial claim of
error is the contention that the defendant was
prejudiced by the trial court's refusal to allow
defendant to amend its answer to plaintiff's second
amended complaint. A chronological review of the
pleadings is necessary. Plaintiff filed his original
complaint alleging that the Detroit House of Cor-
rections (DeHoCo) was a city penal institution
operated by defendant City of Detroit. Defendant
answered, denying that DeHoCo was a city penal
institution. Plaintiff filed his first amended com-
plaint, alleging again that DeHoCo was a city
penal institution operated by the City of Detroit
and, in addition, alleging that the tractor was
owned and operated by the City of Detroit by itself
or defendant's agent, DeHoCo. Defendant's answer
denied only that DeHoCo was a city penal institu-
tion. Plaintiff filed a second amended complaint,
containing the same two allegations above: De-
HoCo was a city penal institution and the tractor
was owned and operated by Detroit. Defendant
responded by admitting that DeHoCo was a city
penal institution operated by the city and admit-
ting ownership and control of the tractor. Defend-
ant later sought to amend this answer, contending
that there was a typographical error—an omission

of a crucial "not". The defendant sought to insert the "not" so that the answer to the second amended complaint would parallel previous answers by denying that DeHoCo was a city operated penal institution. The trial judge refused to allow the amendment.

We think that the trial judge abused his discretion in refusing the amendment. By court rule, GCR 1963, 118.1, leave to amend is to be "freely given". There would have been no prejudicial surprise to the plaintiff, for the defendant was only trying to reassert a defense twice pleaded. Absent prejudice to the plaintiff, justice required an allowance of the amendment. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656–660; 213 NW2d 134 (1973).

However, even though the judge erred in denying the amendment, the defendant was not prejudiced. Of course, the city's inability to contest the question of its control over DeHoCo deprived it of its opportunity to argue that the state was in control of the institution and thus responsible for all torts to inmates. See *Green v Department of Corrections,* 386 Mich 459; 192 NW2d 491 (1971).[1]

Even if the city had been able to dispute its control over the penal institution, and been successful in denying liability on that ground, the city had admitted in its answer to plaintiff's second amended complaint that it owned and controlled the tractor. Defendant did not try to amend its

---

[1] It is possible that even if the city had been allowed to amend, its probable argument that the state was solely liable for tortious injuries to inmates might have failed. *Green* held the State Corrections Department liable for a tort to a DeHoCo inmate; it did not expressly rule out the city's liability. "[Corrections'] duty to him remains constant and may not be subjected to delegation; *whether or not others are concurrently accountable for breach of the same or a corresponding legal duty."* 386 Mich 459, 465. (Emphasis added.)

answer that admitted ownership and control over the tractor. Defendant's appeal makes no mention of this admission. The admitted ownership and control of the tractor provides a basis for liability that would have existed even if the amendment had been allowed. Because there was an alternative viable basis for liability, the judge's erroneous refusal to allow the amendment is harmless.

Affirmed. Costs to appellee.

T. M. BURNS, J., concurred.

J. H. GILLIS, P. J. *(dissenting).* Although I agree with my Brothers' conclusion that the trial judge abused his discretion in refusing defendant permission to amend his answer, I disagree with their finding of no prejudice. If defendant had been permitted to deny ownership of DeHoCo, defendant could have argued that the state controlled DeHoCo and, consequently, shared responsibility for plaintiff's injury. *Green v Department of Corrections,* 386 Mich 459; 192 NW2d 491 (1971), supports such an argument. The *Green* Court explained that the state retains the primary and nondelegable duty to insure the well-being of state-sentenced DeHoCo inmates. Also, plaintiff in his answer to defendant's motion for summary judgment conceded that under *Green, supra,* the state and city bore concurrent responsibility for plaintiff's injury.

If the trial judge had permitted defendant to amend its answer and argue that the state, too, was liable to plaintiff, the jury might have returned a different verdict. Thus, defendant was prejudiced by the trial judge's conduct. Consequently, I would reverse.