SWANSON *v.* OUNAPU

NEW TRIAL—INSTRUCTIONS TO JURY—ARGUMENT OF COUNSEL.

> Plaintiff is not entitled to a new trial, where arguments which should not have been made by defense counsel or permitted by the trial court, to which plaintiff objected, were not so prejudicial that they could not be cured by the instructions given to jury that it should consider evidence and not statements of counsel.

Appeal from Saginaw, James E. O'Neill, J. Submitted Division 3 February 13, 1969, at Grand Rapids. (Docket No. 3,213.) Decided April 22, 1969.

Complaint by William B. Swanson against Ene Ounapu for personal injuries sustained when he was struck by defendant's automobile. Judgment for defendant. Plaintiff appeals. Affirmed.

*Egloff, Mainolfi, Taylor, McGraw & Collison* and *William E. Jungerheld,* for plaintiff.

*Smith, Brooker, Harvey & Cook,* for defendant.

BEFORE: LEVIN, P. J., and HOLBROOK and DANHOF, JJ.

PER CURIAM. Plaintiff was struck by the defendant's automobile when he stepped off the curb. The

---

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 506.

accident occurred at 11 p.m. The disputed factual issue was whether the headlights of the defendant's car were lit, as the defendant asserted, or unlit, as plaintiff and several witnesses testified.

The jury brought in a verdict of no cause of action. Plaintiff's motion for a new trial was denied.

On this appeal the plaintiff asserts that defense counsel's argument to the jury was prejudicial in that he attempted to inject issues neither pleaded nor supported with proof.

The plaintiff was a night watchman. His duties required him to cross at the intersection where he was struck. Defense counsel argued that the accident was plaintiff's employer's fault because the employer had not provided any protection (presumably street lighting) for its employees at the intersection.

One of the witnesses who testified that the headlights of the defendant's car were not lit, claimed he could see the defendant's car 500 feet away. Defense counsel argued that "it finally dawned" on this witness that if he could see the car then "why couldn't Mr. Swanson (the plaintiff) see the car"?

The latter argument was not based on any testimony of the witness. Indeed, when defense counsel attempted to pursue this line of inquiry at the trial, plaintiff's objection was sustained. Likewise, there was no testimonial support for the argument attributing the accident to the plaintiff's employer's failure to provide street lighting.

The plaintiff's attorney made proper objection to both arguments.

During the trial, the judge commented:

"All I am going to say is that the members of the jury are instructed to adhere to the testimony. The lawyers may give you their version. Whether it agrees with the testimony or not, that is a matter

for you to decide, but you are to take the testimony from the witnesses rather than from the statements of counsel. They may argue from their own point of view, that's all."

In concluding his charge to the jury the trial judge observed:

"This case must be decided upon the testimony which has been detailed upon the witness stand. Statements made by counsel in arguments to the court on the law or the evidence, or otherwise, or arguments to you as to what the evidence is, are not to be considered as evidence by you unless it corresponds with your memory of the evidence as you have heard the witnesses detail it. While it is the duty and right of counsel to address you and explain and elucidate the testimony, the better to enable you to understand the questions which you are to decide, yet if counsel inadvertently mistake evidence or make statements regarding matters which are not in the evidence in the case, you are to follow the evidence in the case and not the statements of counsel in arriving at the conclusions as to the answers to be given in the case. * * *

"There has been no testimony in this case about the necessity for the Eaton Manufacturing Company to put a light out there. It is a public highway. As a matter of fact, it is a State trunkline highway. So that is not an issue, whether or not they should put a light out there. The issues in the case are the issues I have stated to you in my instructions."

Neither argument should have been made by defense counsel or permitted by the court. We are convinced, however, that the arguments to which plaintiff objected were not so prejudicial to plaintiff's case that they could not be cured by the instructions given. Plaintiff is not entitled to a new trial. See *Koepel* v. *St. Joseph Hospital* (1968), 381 Mich 440.

Affirmed. Costs to appellee.