BENNETT *v.* BUTTERFIELD.

PERSONAL INJURIES—ELEVATORS—NEGLIGENCE.

A customer who, without invitation or permission, attempts
to enter a freight elevator located in the back part of a store,
and designed for the use of employés only, and who is injured
by falling down the shaft, cannot recover for his injuries
against the proprietor.

Error to Wayne; Donovan, J. Submitted February
10, 1897. Decided March 10, 1897.

Case by Samuel B. Bennett against Harriet A. Butter-
field for personal injuries. From a judgment for defend-
ant, plaintiff brings error. Affirmed.

Defendant was a dealer in wall paper, other kinds of
paper, and stationery. She occupied the ground floor, the
basement, and the fifth floor of a store 120 feet long and
40 feet wide. The ground floor was her salesroom, and
the fifth floor her storeroom, where she kept duplicate
and surplus stocks of goods. This floor was reached by
an elevator, situated in the rear and at one side. It was
designed for the use of her employés only, and for the
carriage of freight. Wall-paper cases six to seven feet
high stood near and in front of the elevator, and with
their backs towards it. The elevator was inclosed from
floor to ceiling, with double doors opening into the store,
and two windows, one on the north and one on the south
side, each three feet by seven, and from six to seven feet
from the floor. The entrance to it was protected by a
gate, sliding in grooves on either side, hung on ropes
running over pulleys, and balanced by weights. The
gate was raised and lowered by hand. The elevator was
plainly marked with the words: "Elevator. Danger.

For freight only." Plaintiff was a painter and paper hanger, and entered the defendant's store shortly before noon, in a hurry, to buy some wall paper with which to finish a job on which he was then engaged. He had traded at this store for many years, and only once, about six years before the accident, had ridden upon this elevator, but the defendant did not then occupy the store. The day was bright and clear. Plaintiff testified that he entered the store at half-past 11 or a quarter to 12; that he asked a clerk who was there waiting upon a customer where their ingrains were; that he replied, "Upstairs; Will is up there;" that he continued to walk towards the rear, and found Will Fisher about 10 or 12 feet from, and east of, the elevator; that he asked Fisher where the ingrains were; that Fisher replied, "Upstairs, Bennett; we will take the elevator;" that Fisher walked towards the elevator, plaintiff closely following; that the south door of the shaft was open; that Fisher entered the door and stepped to one side; that plaintiff, supposing that the elevator was there, also stepped in, fell to the bottom of the shaft, 10 or 12 feet, and was injured. The facts are that the elevator was above; that the rope by which the elevator was run was on the inside, and from one to one and one-half feet from the door; that Fisher, with his right foot resting on the timber inside the shaft, his left foot outside, his left arm around the casing, leaned into the shaft, called out, "Elevator," and reached for the rope. While he was doing this, plaintiff stepped in and fell. The case was submitted to the jury under the usual instructions as to the negligence of the defendant and the contributory negligence of the plaintiff. The jury rendered a verdict for the defendant.

*Ervin Palmer* and *George Gartner*, for appellant.
*Dickinson, Thurber & Stevenson*, for appellee.

GRANT, J. (*after stating the facts*). The theory of the plaintiff is that he was invited into a place of danger

without warning, and without proper guards at the entrance to protect him. This was not a passenger elevator, and unless plaintiff was invited into it he cannot recover. The jury, by their special verdict, have settled this question against the plaintiff, and they could not, under the evidence, consistently have found otherwise. Mr. Fisher, plaintiff's witness, who was not in defendant's employ at the time of the trial, flatly contradicted him, and testified, not only that he did not invite him, but that he did not know that plaintiff was following him. The elevator did not run between 12 and 1 o'clock. Fisher was in a hurry to go to the fifth floor to get some goods to fill an order before it stopped. Mr. Williams, the clerk whom plaintiff first addressed, and Mrs. Leahy, the customer upon whom Williams was waiting, also flatly contradict plaintiff. These witnesses testified that, when plaintiff asked Williams where the ingrains were, Williams replied that he would soon be through, and would wait upon him. Without objection, the following special question was submitted to the jury, "Do you find the facts in relation to plaintiff's going to the place where he was injured to be as testified to by George Williams, Mrs. Leahy, and William Fisher?" to which the jury answered, "Yes." The fact is therefore established that plaintiff attempted to enter the elevator without invitation, or permission. He alone is responsible for the accident and the injury, and cannot recover. *Bedell* v. *Berkey*, 76 Mich. 435 (15 Am. St. Rep. 370); *Pelton* v. *Schmidt*, 97 Mich. 231; *Severy* v. *Nickerson*, 120 Mass. 306 (21 Am. Rep. 514); *Victory* v. *Baker*, 67 N. Y. 366; *Gibson* v. *Sziepienski*, 37 Ill. App. 601.

Many alleged errors are assigned, but they do not affect the evidence upon which the jury based their special finding. It is unnecessary, therefore, to discuss them.

Judgment affirmed.

The other Justices concurred.