HUTCHINSON *v.* CLEVELAND-CLIFFS IRON CO.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—TRESPASSER.

The servant of a contractor employed to cover pipes in a certain part of a mill cannot recover against the mill owner for injuries caused by a fall down a temporarily unguarded elevator shaft in a part of the mill to which his duties did not call him or his foreman, of whom he was in search.

Error to Delta; Stone, J. Submitted April 13, 1905. (Docket No. 71.) Decided September 20, 1905.

Case by John Hutchinson against the Cleveland-Cliffs Iron Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

*William P. Belden*, for appellant.

*James H. Clancy*, for appellee.

HOOKER, J. The plaintiff was injured by falling through a hatchway in defendant's chemical works. The machinery of these works consisted of a number of large steel or iron and copper cylinders, called "stills," and vats and necessary pipes. The defendant had been making alterations and an enlargement of its plant by increasing the number of cylinders, and had employed the Johns-Manville Company, of Milwaukee, to cover some of its cylinders and pipes with plastic covering, and the plaintiff was employed by that company to do this work under its foreman. This work was confined to the easterly portion of the mill at the time of the accident; the new stills for the north part not being set. Defendant was engaged in raising them through the hatchway in question, though not doing so at the exact time of the accident, which was near quitting time for the workmen in the evening. The hatchway was open and unguarded at the time plaintiff walked into it. His business was to mix the plastic material in a box near where he was at work, and it is conclusively shown that his work did not call him nearer than within 20 to 40 feet of the elevator, and that he had to step over a steam pipe a foot high from the floor to go there. His excuse for going there is that it was near night, and he wished to ask the foreman whether he should mix another quantity of plastic. He had seen the foreman go in a northwesterly direction from him and disappear from his sight around a still, a few feet from him. The mill was in operation, and was lighted by electricity. Plaintiff testified that the light was dim. He started in the same direction and went around the still, ultimately walking into the trap, which he did not see or notice. The railing had been removed to facilitate the raising of the cumbrous machinery. The foreman was not produced as a witness.

It was defendant's contention that it owed no duty to plaintiff, who had not been invited to enter that portion of the mill, and that he was guilty of contributory negligence. The court refused to direct a verdict for defend-

ant, and plaintiff recovered $1,500. Defendant has appealed.

The important question is whether defendant owed a duty to this plaintiff of anticipating that he would approach this elevator and guarding him against the danger of his walking into the hole in the floor. There is nothing to indicate that there was any work to call him there, and the case rests upon the proposition that the foreman might have occasion to go there, and that the plaintiff might find it necessary to follow him, if he wanted directions about his work. There is no evidence indicating that the foreman went there upon business, or that the foreman had any invitation to go there, or that anything pertaining to his work called him there. The Johns-Manville Company had contracted to cover certain specified pipes and stills, which were set, and others to be set, the latter in the new part of the mill. It had nothing to do with the latter, for they were not set. Those in readiness and upon which they were at work were remote from this elevator, which was in use for the general purposes of the defendant. We do not find it necessary to discuss the right of the plaintiff to follow the foreman, because we find no invitation to either of them to go beyond the place where the stills to be covered were located.

The undisputed proof shows that the defendant's business was continued while repairs were being made. Its contract with the Johns-Manville Company specified the stills to be covered. It contains no implication of an expectation that the laborers of that company would be at liberty to go about the premises, or to any portions except those where the work was to be done. It should not have been expected to interrupt its business unnecessarily, and it had no reason to expect an invasion of places where plaintiff's work did not call him.

The learned circuit judge submitted to the jury the question whether it was reasonable for plaintiff to leave the place of his employment and go elsewhere about the mill. He could safely have said that the undisputed proof ex-

cluded the question, *first,* because the elevator was so far beyond the confines of his legitimate territory, and, *second,* because there was nothing justifying his intentional transgression beyond the limits contemplated by the contract. The authorities are numerous in support of the doctrine invoked, and many are cited in the brief of defendant's counsel. *Phillips* v. *Library Co* ; 55 N. J. Law, 307; *Sullivan* v. *Waters,* 14 Ir. C. L. 460; *Ivay* v. *Hedges,* 9 Q. B. Div. 80; *Batchelor* v. *Fortescue,* 11 Q. B. Div. 474; *Zoebisch* v. *Tarbell,* 10 Allen (Mass.), 385; *Victory* v. *Baker,* 67 N. Y. 366; *Diebold* v. *Railroad Co.,* 50 N. J. Law, 478; *Doggett* v. *Railroad Co.,* 34 Iowa, 284; *Kennedy* v. *Chase,* 119 Cal. 637 (this last was a case much like the present one); *Wright* v. *Rawson,* 52 Iowa, 329; *Pfeiffer* v. *Ringler,* 12 Daly (N. Y.), 437; 1 Thompson on Negligence, chap. 7, p. 308; *Murray* v. *McLean,* 57 Ill. 378; *Schmidt* v. *Bauer,* 80 Cal. 565 (5 L. R. A. 580); *Redigan* v. *Railroad,* 155 Mass 44 (14 L. R. A. 276). The principle is recognized in our own cases of *Kinney* v. *Onsted,* 113 Mich. 96 (38 L. R. A. 665), and *Pittsburgh, etc., Dock Co.* v. *Transportation Co.,* 122 Mich. 449.

We are constrained to reverse the judgment and order a new trial.

MOORE, C. J., and CARPENTER, MCALVAY, and OSTRANDER, JJ., concurred.