HUTCHINSON *v.* CLEVELAND-CLIFFS IRON CO.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—TRESPASSER.
   The servant of a contractor to do certain work about a mill cannot recover of the mill owner for injuries received from falling through an unguarded hatchway in the mill without showing that the performance of the contract required plaintiff or his employer to go in the vicinity of the hatchway.

2. APPEAL AND ERROR — DETERMINATION — PROCEEDINGS AFTER REMAND—NEW TRIAL—ISSUES.
   Where a judgment for plaintiff is reversed on error for failure of plaintiff's case to show defendant's liability, and the evidence on the retrial is in legal effect the same, a verdict is properly directed for defendant.

Error to Delta; Stone, J. Submitted January 10, 1908. (Docket No. 40.) Decided May 1, 1908.

Case by John Hutchinson against the Cleveland-Cliffs Iron Company for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*J. Harry Clancy*, for appellant.

*William P. Belden*, for appellee.

MOORE, J. This case was before this court at a previous term and is reported in 141 Mich. 346. The pleadings have not been changed. A new trial was had upon which the court directed a verdict in favor of defendant. The case is now up on writ of error by plaintiff. A reference to the opinion handed down when the case was here before will show the questions involved. After the testimony of the plaintiff was closed upon the second trial, a motion was made for a directed verdict on behalf of defendant. The trial judge was of the opinion that the case made upon the second trial was substantially the same as

the case passed upon by this court when it reversed the case, and directed a verdict in favor of the defendant.

The case is not presented in a very satisfactory way in this court. The brief does not contain a statement of the errors upon which counsel rely, the questions involved, nor the manner in which they are raised, but there is a general discussion of the following—we quote from the brief:

"Now the whole and only question is: Had the plaintiff and his foreman a right to a reasonable use to this 60 feet to pass and repass in the performance of their work?"

It is argued that while making a reasonable use of this floor space the plaintiff fell into an unguarded hatchway and was hurt.

The plaintiff was not in the employ of defendant, but was in the employ of the Johns-Manville Company, which company had a contract to do certain work for the defendant company.

The Johns-Manville Company was represented by Mr. Prime, foreman, a workman by the name of Snort, and the plaintiff. The plaintiff claims that while he was looking for Mr. Prime, and in the line of his duty, the accident happened. We think there is an entire failure to show that in the performance of the Johns-Manville Company contract it was necessary for Mr. Prime or the plaintiff to go in the vicinity of the unguarded hatchway. The case does not differ in any substantial particular from the case presented before.

Judgment is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.