CONSTANTINEAU v DCI FOOD EQUIPMENT, INC

Docket No. 133523. Submitted June 9, 1992, at Detroit. Decided August 17, 1992, at 9:00 A.M. Leave to appeal sought.

Thomas and Colleen Constantineau brought an action in the Wayne Circuit Court against DCI Food Equipment, Inc., seeking damages for injuries suffered by Thomas Constantineau while he was allegedly a business invitee of the defendant. Following a trial at which disputed proofs were presented concerning whether Thomas Constantineau had been at the place he was injured with the knowledge and consent of the defendant's owner or was there without permission, the jury returned a verdict for the defendant. The court, William L. Cahalan, J., denied the plaintiffs' motion for a new trial or judgment notwithstanding the verdict. The plaintiffs appealed.

The Court of Appeals *held:*

The trial court did not abuse its discretion by denying the plaintiffs' motion.

1. A business invitee can become a trespasser by exceeding the scope of the invitation and entering an area of a premises not encompassed by the invitation. Because there was a disputed question of fact concerning whether the injury occurred in an area that was not within the scope of the invitation extended by the defendant, the trial court properly permitted the jury to weigh the credibility of the witnesses and resolve the question.

2. Because the question whether the scope of the invitation had been exceeded was at issue, the court properly charged the jury concerning the liability of a premises owner for injuries to a trespasser. The court did not abuse its discretion by refusing to give the plaintiffs' requested instructions concerning liability insurance and nondelegable duty, because neither instruction was applicable in view of the theories pleaded and argued.

Affirmed.

REFERENCES

Am Jur 2d, Premises Liability §§ 100-104.

See the Index to Annotations under Guests, Invitees, or Licensees; Premises Liability; Trespass.

NEGLIGENCE — PREMISES LIABILITY — BUSINESS INVITEES — TRESPASS-
ERS.

> A business invitee who exceeds the scope of a premises owner's
> invitation may be found to be a trespasser for the purpose of
> determining premises liability.

*Feikens, Foster, Vander Male & De Nardis, P.C.*
(by *Gregory J. Muller*), for the plaintiffs.

*Garan, Lucow, Miller, Seward, Cooper & Becker,*
*P.C.* (by *Rosalind Rochkind*), for the defendant.

Before: FITZGERALD, P.J., and CAVANAGH and
NEFF, JJ.

CAVANAGH, J. In this premises liability case,
plaintiffs appeal from the trial court's order deny-
ing their motion for a new trial or for judgment
notwithstanding the verdict. They claim that the
trial court erred in refusing to direct a verdict that
plaintiff Thomas Constantineau was a business
invitee, in charging the jury, and in failing to find
that the verdict was against the great weight of
the evidence. We affirm.

It was plaintiffs' theory of the case that Thomas
Constantineau, while at defendant's place of busi-
ness, slipped on a dangerously steep and narrow
staircase and suffered severe injuries to both his
shoulders. Plaintiffs claimed that defendant
breached its duty to warn Thomas Constantineau,
a business invitee, of known dangers and to in-
spect the premises to discover possible unknown
dangers.

It was defendant's theory of the case that
Thomas Constantineau was a trespasser because
he exceeded the scope of defendant's invitation
when he went into an area of the building without
an escort or permission. Defendant claimed that it
had no duty either to make the premises safe or to

warn Thomas Constantineau, a trespasser, of conditions existing on the premises.

According to the record, plaintiff Thomas Constantineau (hereinafter plaintiff), an employee of Crawford Door Sales, went to defendant's place of business on February 13, 1985, to investigate whether an overhead door separating sections of the work area could be motorized. Plaintiff testified at trial that it was during his on-site inspection that he noticed numerous electrical conduits around the door frame where the motor drive would have to be installed. Plaintiff went on to state that he decided to trace the electrical lines to find out which lines were energized and that at all times he was accompanied by the owner of the business, Remo Antoniolli.

Plaintiff further testified that, while tracing the electrical lines, he climbed up into a second-story loft that was being used primarily for storage. It was from this vantage point that he also got the chance to visually inspect work that had been done the day before by a Crawford crew and to look at pizza equipment that was of personal interest to him. On his way down from the loft, plaintiff allegedly slipped on a staircase and fell, severely injuring both his shoulders. According to plaintiff, the owner of the building was with him when he fell and apologized for the fall just before he escorted him out of the building.

In defending against this lawsuit, defendant admitted ownership of the building and that the staircase was defective. However, defendant contested plaintiff's account of the incident through the testimony of Remo Antoniolli. According to Antoniolli, he did have a brief conversation with a salesman from Crawford Door Sales, but it took place at the base of the door that was being inspected. After being told that the door could not

be motorized, Antoniolli assumed that the salesman had left the premises. He testified that he never gave the salesman permission to wander around the premises and knew of no reason why the salesman would have gone up into the loft. Antoniolli clearly stated that he did not invite the salesman up there, foresee that he would go there, or accompany him into the loft.

The jury came back with a verdict of no negligence and plaintiffs moved for a new trial or for judgment notwithstanding the verdict. The trial court denied their motion and this appeal followed.

In their first argument, plaintiffs claim that their motion for a new trial or for judgment notwithstanding the verdict should have been granted because the verdict was contrary to law and against the great weight of the evidence. More specifically, plaintiffs argue that there is no Michigan authority for the legal proposition that a visitor's status while on a defendant's property can change from an invitee to a trespasser and that there was not one single shred of evidence to show that the invitation in this case was in any way limited in terms of geography or time. We disagree.

A new trial may be granted if a verdict is against the great weight of the evidence or contrary to law, or if an error of law has occurred in the proceedings. MCR 2.611(A)(1)(e) and (g). The decision whether to grant a new trial is one addressed to the trial court's discretion, and the trial court's decision will not be reversed absent an abuse of that discretion. *Beasley v Washington,* 169 Mich App 650, 655; 427 NW2d 177 (1988). Judgment notwithstanding the verdict should be granted only when there is insufficient evidence presented to create an issue for the jury. *Wilson v General Motors Corp,* 183 Mich App 21, 36; 454

NW2d 405 (1990). If the evidence is such that reasonable minds could differ, the question is for the jury, and judgment notwithstanding the verdict is improper. *Hodgins Kennels, Inc v Durbin,* 170 Mich App 474, 479; 429 NW2d 189 (1988).

In *Bennett v Butterfield,* 112 Mich 96; 70 NW 410 (1897), the plaintiff was injured while he was a customer in the defendant's store. The plaintiff claimed that he was invited into a place of danger without warning and without proper guards at the entrance to protect him. The evidence, however, established that the plaintiff attempted to enter an elevator without invitation or permission. Consequently, the Supreme Court held that the plaintiff alone was "responsible for the accident and the injury, and [could] not recover." *Id.* at 98. Similarly, in *Hutchinson v Cleveland-Cliffs Iron Co,* 141 Mich 346; 104 NW 698 (1905), no duty was owed to an injured worker who had not been invited to enter that portion of the mill where the injury occurred. Also see 2 Restatement Torts, 2d, § 332, pp 181-183.

In this case, plaintiffs' argument that Thomas Constantineau was at all times an invitee while on defendant's property and that there was no Michigan law supporting the proposition that a visitor's status may change lacks merit. Both *Bennett* and *Hutchinson* suggest that a visitor to a business establishment who ventures into an area without permission or invitation accepts the responsibility for any resulting injuries.

With respect to the argument concerning the great weight of the evidence, plaintiffs offered the factfinder evidence that Thomas Constantineau was a business invitee and that his movement inside defendant's building was with permission and while accompanied by the owner. In contrast, defendant introduced evidence showing that

Thomas Constantineau became a trespasser when he ventured into parts of the building without permission or invitation. In light of this state of the record, there does not appear to be overwhelming evidence in support of either theory, and the disputed evidence that was presented posed a credibility contest for the factfinder to resolve.

Plaintiffs also argue that they were entitled to a new trial or judgment notwithstanding the verdict because of instructional errors that occurred in this case. Again we disagree.

When requested by a party, a standard jury instruction must be given if it is applicable and accurately states the law. *Petrove v Grand Trunk W R Co,* 174 Mich App 705, 710-711; 436 NW2d 733 (1989). However, the determination whether an instruction is accurate and applicable in light of the circumstances presented by the particular case rests in the sound discretion of the trial court. *Murphy v Muskegon Co,* 162 Mich App 609, 617; 413 NW2d 73 (1987).

Given our decision that the status of a business invitee can change if the scope of the invitation is exceeded, the plaintiff's objections to the instructions that deal with the status of a trespasser cannot be sustained. Secondly, from a review of the record, it appears to us that the trial court did not abuse its discretion in refusing to instruct the jury regarding the irrelevancy of liability insurance and the nondelegable duty owed to the plaintiff. Although accurate, both of these instructions were inapplicable because of the circumstances presented by this case. Defendant neither tried to avoid responsibility for plaintiff's injuries by suggesting that its duty to maintain a safe workplace had somehow been delegated to another entity nor tried to suggest to the jury that its liability insurance should be kept in mind during deliberations.

Affirmed.