JALABA v BOROVOY

Docket No. 141440. Submitted January 11, 1994, at Detroit. Decided June 20, 1994, at 10:00 A.M. Leave to appeal sought.

Deborah Jalaba brought an action in the Oakland Circuit Court against podiatrist Matthew Borovoy and others, alleging malpractice. The court, Edward Sosnick, J., entered a judgment in favor of Borovoy pursuant to a jury verdict of no cause of action. The plaintiff appealed.

The Court of Appeals *held:*

1. The trial court did not err in instructing the jury that a podiatrist accused of malpractice is held to the recognized standard of acceptable professional practice in the community in which the podiatrist practices or in a similar community. MCL 600.2912a; MSA 27A.2912(1). Because there is no specialization within the general practice of podiatry, a podiatrist is a general practitioner, and a general practitioner of medicine or osteopathy is held to a local standard of care.

2. The trial court did not err in giving the standard jury instruction regarding comparative negligence, SJI2d 11.01, because the instruction was applicable and accurately stated the law.

3. The trial court did not abuse its discretion in denying the plaintiff's challenge for cause of a juror who eventually was dismissed peremptorily. The plaintiff failed to establish that the juror was biased for or against either party or that there was anything objectionable about another juror whom the plaintiff would have challenged peremptorily had she not used the peremptory challenge against the first juror.

4. The trial court did not deny the plaintiff a fair trial in failing to make a ruling with regard to the admission of certain exhibits and by refusing to allow the plaintiff to be examined by a podiatrist chosen by the plaintiff as her expert witness.

Affirmed.

REFERENCES

Am Jur 2d, Physicians, Surgeons, and Other Healers § 220.

Standard of care owed to patient by medical specialist as determined by local, "like community," state, national, or other standards. 18 ALR4th 603.

J. STEMPIEN, J., concurring, stated that the Supreme Court should address the issue of local standards of care for general practitioners in light of *Birmingham v Vance,* 204 Mich App 418 (1994).

NEGLIGENCE — PODIATRIC MALPRACTICE — STANDARD OF CARE.

A podiatrist against whom an action for malpractice has been brought is held to the recognized standard of care in the community in which the podiatrist practices or in a similar community (MCL 600.2912a; MSA 27A.2912[1]).

*Thurswell, Chayet & Weiner* (by *Gregg E. Herman* and *Tammy J. Reiss*), for the plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Boyd E. Chapin* and *Daniel S. Saylor*), for the defendants.

Before: HOOD, P.J., and R. J. DANHOF,* and J. STEMPIEN,** JJ.

R. J. DANHOF, J. Plaintiff appeals as of right from the judgment entered by the trial court on a jury verdict of no cause of action in favor of defendant Dr. Matthew Borovoy, a board-certified podiatrist.[1] Plaintiff brought a medical malpractice action against Dr. Borovoy and the other defendants based on their unsuccessful attempt to extract a fragment of a sewing needle that had lodged in her foot. Dr. Borovoy treated plaintiff at his office located in Oak Park, Michigan. Among other errors raised on appeal, plaintiff claims the trial court erred in instructing the jury to apply a local standard of care as opposed to a national

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

** Circuit judge, sitting on the Court of Appeals by assignment.

[1] Dr. Borovoy has been a board-certified podiatrist since 1975 by the American Board of Podiatric Surgery. He is also certified by the American Board of Quality Assurance and Utilization Review, which is a national board.

standard of care to Dr. Borovoy's conduct. We affirm.

The trial court initially ruled during the trial that a board-certified podiatrist was to be held to a national standard of care, thereby finding plaintiff's expert podiatrist from California, Dr. Anthony Dintcho, qualified to testify. However, on the ninth day of trial, before closing arguments, the court ruled that a podiatrist is subject to the same standard of care as other general practitioners, and later instructed the jury over plaintiff's objection:

> When I use the words "professional negligence" or "malpractice" with respect to the Defendant Matthew Borovoy's conduct, I mean the failure to do something which a podiatrist who is board certified of ordinary learning, judgment or skill *in this community or a similar one,* would do, or the doing of something which a podiatrist who is board certified, of ordinary learning, judgment or skill, would not do under the same or similar circumstances you find to exist in this case.
>
> It is for you to decide, based upon the evidence, what the ordinary podiatrist who is board certified of ordinary learning, judgment or skill would do or would not do under the same or similar circumstances. [Emphasis added; see SJI2d 30.01.]

I

On appeal, plaintiff first contends that the trial court erred in instructing the jury to apply a local community standard of care as opposed to a nationwide standard of care. We disagree.

A malpractice action may be maintained against any state-licensed professional.[2] MCL 600.2912a;

---

[2] MCL 600.2912; MSA 27A.2912.

MSA 27A.2912(1) provides that in a malpractice action, the plaintiff has the burden of proving:

> (a) The defendant, if a general practitioner, failed to provide the plaintiff the recognized standard of acceptable professional practice in the community in which the defendant practices or in a similar community, and that as a proximate result of the defendant failing to provide that standard, the plaintiff suffered injury.
>
> (b) The defendant, if a specialist, failed to provide the recognized standard of care within that specialty as reasonably applied in light of the facilities available in the community or other facilities reasonably available under the circumstances, and as a proximate result of the defendant failing to provide that standard, the plaintiff suffered an injury.

Restated, the applicable standard of care for general practitioners is that of the local community or a similar community, whereas the standard of care for specialists is nationwide. *Bahr v Harper-Grace Hosp,* 198 Mich App 31, 34; 497 NW2d 526 (1993); *Thomas v McPherson Community Health Center,* 155 Mich App 700, 708; 400 NW2d 629 (1986).

This Court must decide the applicable standard of care for podiatrists for purposes of professional malpractice. MCL 333.18001; MSA 14.15(18001) defines the practice of podiatric medicine as follows:

> (a) "Podiatrist" means a physician and surgeon licensed under this article to engage in the practice of podiatric medicine and surgery.
>
> (b) "Practice of podiatric medicine and surgery" means the examination, diagnosis, and treatment of abnormal nails, superficial excrescenses occurring on the human hands and feet, including corns, warts, callosities, and bunions, and arch troubles or the treatment medically, surgically,

mechanically or by physiotherapy of ailments of human feet or ankles as they affect the condition of the feet. It does not include amputation of human feet, or the use or administration of anesthetics other than local.

A podiatrist receives four years of training regarding the foot at a school of podiatry, and may subsequently engage in an optional internship. Podiatric medicine does not have areas of specialties within the general field of practice.

On the other hand, medical doctors or osteopathic physicians attend medical or osteopathic schools for fours years, where they are instructed in all the general areas of medicine. Upon completion of an internship, they are eligible to become licensed as general practitioners. However, a person desiring to become a specialist in a particular field of medicine proceeds into a residency for a period, generally four years. During the residency, the doctor or physician receives advance training in the particular field. Upon completion, the doctor or physician must pass a nationally administered examination. Afterward, the doctor or physician is a board-certified specialist.

We hold that the local standard of care is applicable to podiatrists in light of our finding that a podiatrist is not a specialist under MCL 600.2912a; MSA 27A.2912(1). As this Court previously has recognized, a podiatrist is not a medical or osteopathic doctor who specializes in the treatment of the foot, but rather is a limited practitioner authorized to treat ailments of the human foot. See *DeHart v Bd of Podiatry,* 97 Mich App 307, 314; 293 NW2d 806 (1980)(a licensure action brought against a podiatrist). We are not persuaded by plaintiff's argument that Dr. Borovoy is a specialist because his practice focuses on a certain part of

the body and is board-certified by a national organization. A doctor or physician is a specialist on the basis of advanced training and expertise in a particular field of general medicine. As the Michigan Supreme Court has explained, a specialist is measured by a national standard because:

> The reliance of the public upon the skills of a specialist and the wealth and sources of his knowledge are not limited to the geographic area in which he practices. Rather his knowledge is a specialty. He specializes so that he may keep abreast. Any other standard for a specialist would negate the fundamental expectations and purpose of a specialty. [*Naccarato v Grob,* 384 Mich 248, 253-254; 180 NW2d 788 (1970).]

Accordingly, the trial court did not err in instructing the jury to apply a local community standard of care to Dr. Borovoy's conduct.

Additionally, plaintiff argues that she was prejudiced by the court's earlier erroneous ruling that a national standard would be applied because her experts had testified regarding the national standard of care. We disagree. Although plaintiff learned of the court's ruling before closing arguments, she did not move to reopen proofs or move for a mistrial, but took her chances with the jury. Moreover, this Court will not reverse on the basis of prejudice where plaintiff's counsel urged the erroneous ruling during the trial.[3] See *Vannoy v City of Warren,* 386 Mich 686; 194 NW2d 304 (1972).

II

Plaintiff next claims that the court erred in

---

[3] The trial court expressed its displeasure that these matters were not brought to its attention before trial.

instructing the jury regarding comparative negligence. We disagree.

Defendant requested the standard jury instruction regarding comparative negligence, SJI2d 11.01. When requested by a party, a standard jury instruction must be given if it is applicable and accurately states the law. MCR 2.516(D)(2); *Constantineau v DCI Food Equipment, Inc*, 195 Mich App 511, 516; 491 NW2d 262 (1992). In this case, Dr. Borovoy testified that plaintiff disregarded his instructions to use crutches and to refrain from placing weight on her foot. Plaintiff also admitted that she did not follow Dr. Borovoy's instructions. Defendant's podiatrist expert opined that she may have caused the needle to move further into her foot by continuing to walk on her foot, thereby causing her injuries. We find that the instruction was supported sufficiently by the evidence.

Moreover, plaintiff's argument that comparative negligence is not applicable in a malpractice action is without merit. *Pietrzyk v Detroit*, 123 Mich App 244, 248-249; 333 NW2d 236. Accordingly, the trial court did not err in giving the standard jury instruction regarding comparative negligence.

III

Plaintiff also contends that the trial court erred in denying her request to excuse a juror for cause, where the juror was subsequently dismissed peremptorily. We disagree.

This Court reviews a court's decision to deny a challenge for cause for an abuse of discretion. *Poet v Traverse City Osteopathic Hosp*, 433 Mich 228, 236; 445 NW2d 115 (1989). Error requiring reversal occurs when the record indicates (1) the court improperly denied a challenge for cause, (2) the aggrieved party had exhausted all peremptory

challenges, (3) the party demonstrated a desire to excuse another summoned juror, and (4) the juror whom the party later wished to excuse was objectionable. *Id.,* pp 231, 241. The determination whether a trial court improperly denied a challenge for cause is made in accordance with whether a juror is excusable under MCR 2.511(D). *Poet, supra,* p 241, n 13.

The juror in question, John Hart, indicated that a potential witness for defendant Beaumont Hospital, Dr. Richard Reilly, had operated on his knee fifteen years before.[4] Mr. Hart responded negatively when asked by the court and counsel whether his contact with Dr. Reilly would cause him to be biased or to believe Dr. Reilly over the testimony of other doctors. Mr. Hart voluntarily stated that he did not believe doctors were "gods." Plaintiff argued that Mr. Hart's statement that doctors were not "gods" would require a greater showing of negligence than the law required and, therefore, he should have been excused for cause. The court disagreed, and, in response to the court's inquiry, Mr. Hart stated that he believed doctors should be held accountable if they do something wrong. The court denied the request, finding that Mr. Hart was not biased for or against any party. This Court agrees with the trial court that Mr. Hart's statements did not establish that he was biased for or against either party. Because Mr. Hart was not excusable per se under MCR 2.511(D)(3), the trial court did not abuse its discretion by denying plaintiff's challenge for cause.

This Court also notes that plaintiff's counsel indicated on the record at the end of voir dire that he would have used a peremptory challenge for a subsequent juror had he not used his last peremptory challenge for Mr. Hart, although he never

---

[4] Ultimately, Dr. Reilly did not testify at trial.

identified which juror he would have subsequently excused. We assume plaintiff's counsel was referring to the last person seated on the jury because only two men were called after Mr. Hart, and one was excused for cause. However, plaintiff's counsel failed to indicate specifically on the record and on appeal any particular reason why this person was objectionable, and this Court cannot glean any reason from the record. See *Poet, supra,* p 241, n 15. Thus, plaintiff also failed to establish the fourth requirement for reversal.

IV

Finally, plaintiff claims that the trial court denied her a fair trial by failing to rule on the admission of certain exhibits and by refusing to allow Dr. Dintcho to examine her. Plaintiff requests a new trial on the basis of these alleged prejudicial errors. After reviewing the record, this Court finds that plaintiff was not denied a fair trial. *Van Oordt v Metzler,* 375 Mich 526; 134 NW2d 609 (1965).

Affirmed.

HOOD, P.J., concurred.

J. STEMPION, J. *(concurring).* I concur with the conclusions of the majority opinion. The analysis and conclusion that a podiatrist is a general practitioner is correct. The application of a local standard of care as opposed to a national standard of care for general practitioners is in keeping with current law. However, the preservation of the locality rule is not a realistic manner for evaluation of the standard of care as stated by this Court in *Birmingham v Vance,* 204 Mich App 418; 516 NW2d 95 (1994). I join in the request made in the *Birmingham* case that the Supreme Court revisit this area and adopt the modifications suggested.