TURBIN v GRAESSER (ON REMAND)

Docket No. 187261. Submitted July 11, 1995, at Lansing. Decided
November 3, 1995, at 9:10 A.M. Leave to appeal sought.

Harold J. and Sandra J. Turbin brought an action in the Ingham
Circuit Court against Otto W. Graesser, D.O., alleging medical
malpractice. The court, Carolyn Stell, J., determined that the
plaintiffs' proposed expert witness was not qualified to testify
because the plaintiffs could not establish that the witness was
familiar with the standard of medical care in the community,
Lansing. The court then entered an order of dismissal. The
plaintiffs appealed and the Court of Appeals, DOCTOROFF, C.J.,
and SHEPHERD and J. R. KIRWAN, JJ., affirmed in an unpub-
lished memorandum opinion issued September 16, 1994 (Docket
No. 143969). The Supreme Court, in lieu of granting leave to
appeal, remanded the case to the Court of Appeals for reconsid-
eration in light of *Bahr v Harper-Grace Hosps,* 448 Mich 135
(1995). 449 Mich 852 (1995).

On remand, the Court of Appeals *held:*

The expert witness' review of written information, coupled
with his impeccable credentials and experience, provides a
sufficient basis to establish that he was familiar with the
standard of care in Lansing or a similar community. MCL
600.2912a; MSA 27A.1912(1) does not require an expert to
contact physicians in one area to determine the applicable

REFERENCES

Am Jur 2d, Expert and Opinion Evidence §§ 217-219, 396; Physi-
cians, Surgeons, and Other Healers § 356.

Competency of general practitioner to testify as expert witness in
action against specialist for medical malpractice. 31 ALR3d 1163.

Locality rule as governing hospital's standard of care to patient and
expert's competency to testify thereto. 36 ALR3d 440.

Malpractice testimony: competency of physician or surgeon from
one locality to testify, in malpractice case, as to standard of care
required of defendant practicing in another locality. 37 ALR3d
420.

Modern status of "locality rule" in malpractice action against
physician who is not a specialist. 99 ALR3d 1133.

Standard of care owed to patient by medical specialist as deter-
mined by local, "like community," state, national, or other stan-
dards. 18 ALR4th 603.

standard of care in that community or to determine if that community is similar to another community. The fact that the plaintiffs' expert did not verbally communicate with Lansing physicians to ascertain the standard of care for general practitioners in Lansing does not disqualify him from testifying regarding the applicable standard of care. The trial court abused its discretion in failing to qualify the plaintiffs' expert witness.

Reversed and remanded.

DOCTOROFF, C.J., concurring, wrote separately to note that the locality rule, which requires that an expert must indicate his familiarity with the standard of care in the local community, is a holdover from the time when vast differences existed between medical practice in rural and urban areas. Because the service provided by a general practitioner has become uniform throughout the nation, there is no longer a need for the locality rule.

PHYSICIANS AND SURGEONS — WITNESSES — EXPERT WITNESSES — MALPRACTICE — STANDARD OF CARE.

A party offering the testimony of an expert witness must demonstrate the witness' knowledge of the applicable standard of care; although an expert's verbal communication with physicians in a community is relevant to determining whether the expert is familiar with the standard of care in that community or whether that community is similar to another community, the expert is not required to contact physicians in one area to determine the applicable standard of care in that community or to determine whether that community is similar to another community (MCL 600.2912a; MSA 27A.2912[1]).

*Wilson, Lawler & Lett* (by *Steven T. Lett* and *R. David Wilson*), for the plaintiffs.

*Willingham & Coté, P.C.* (by *Curtis R. Hadley*), for the defendant.

ON REMAND

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and MURPHY, JJ.

MURPHY, J. We review this case on remand from

the Supreme Court. A panel of this Court previ-
ously affirmed the trial court's determination that
plaintiffs' proposed expert witness was not quali-
fied to testify because plaintiffs could not establish
that the expert was familiar with the standard of
medical care in Lansing. Unpublished memoran-
dum opinion of the Court of Appeals, issued Sep-
tember 16, 1994 (Docket No. 143969). The Supreme
Court, in lieu of granting leave to appeal, re-
manded the case for reconsideration in light of
*Bahr v Harper-Grace Hosps,* 448 Mich 135; 528
NW2d 170 (1995). 449 Mich 852 (1995). We reverse
and remand.

This case is a medical malpractice action in
which plaintiffs assert that defendant overpre-
scribed various drugs to plaintiff Harold Turbin,
causing him to become addicted to certain drugs.
Defendant is a general practitioner in Lansing,
Michigan. MCL 600.2912a; MSA 27A.2912(1) pro-
vides the standard of care for general practition-
ers:

> (1) Subject to subsection (2), in an action alleging
> malpractice, the plaintiff has the burden of prov-
> ing that in light of the state of the art existing at
> the time of the alleged malpractice:
> (a) The defendant, if a general practitioner,
> failed to provide the plaintiff the recognized stand-
> ard of acceptable professional practice or care in
> the community in which the defendant practices
> or in a similar community. . . .[1]

A party offering the testimony of an expert
witness must demonstrate the witness' knowledge
of the applicable standard of care. *Bahr, supra,*
141. The trial court's decision regarding whether

---

[1] The locality rule has been criticized by this Court. See *Birming-
ham v Vance,* 204 Mich App 418; 516 NW2d 95 (1994).

an expert witness is qualified is reviewed for an abuse of discretion. See *id.*

Plaintiffs' expert, Dr. Peter Macaluso, a general practitioner in Tallahassee, Florida, reviewed various written materials and concluded that Lansing was a community similar to Tallahassee. The materials that Dr. Macaluso reviewed include pamphlets and brochures regarding the various hospitals in the Lansing area, copies of the Lansing yellow pages under the heading physicians and surgeons, a metropolitan profile of the Lansing area, and a listing of Michigan hospitals that included various types of data about the hospitals. After reviewing these materials, Dr. Macaluso testified that Lansing and Tallahassee had similar populations, a similar scope of medical specialties, similar available procedures, and similar technology.

We conclude that Dr. Macaluso's review of the written information, coupled with his impeccable credentials and experience, provides a sufficient basis to establish that Dr. Macaluso was familiar with the standard of care in Lansing or a similar community. See *id.* Dr. Macaluso is board certified in addiction medicine and has treated between eight thousand and nine thousand patients with chemical dependencies. He is also a diplomate for the American Board of Quality Assurance and Utilization Review Physicians, which is responsible for assessing the quality of medical care and the proper utilization of that care. In addition, Dr. Macaluso is a consultant to the Joint Commission on Accreditation of Healthcare Organizations (JCAHO), the primary accrediting body of hospitals. As part of his consulting duties for the JCAHO, Dr. Macaluso visits psychiatric and chemical dependency hospitals in communities across the country to assess the hospitals' quality and standard of

care to determine whether accreditation is warranted.

In deciding not to qualify Dr. Macaluso as an expert witness, the trial court cited *Mazey v Adams,* 191 Mich App 328; 477 NW2d 698 (1991). In that case, a panel of this Court stated that an expert witness may base his knowledge of the applicable standard of care upon hearsay information ascertained from contact with other physicians. *Id.,* 332. In this case, Dr. Macaluso did not speak with any physicians, hospital administrators, or other health care providers in the Lansing area to determine the applicable standard of care in Lansing or whether Lansing and Tallahassee were similar communities. An expert's verbal communication with physicians in a community would certainly be relevant to determining whether the expert is familiar with the standard of care in that community or whether that community is similar to another community. However, MCL 600.2912a; MSA 27A.2912(1) does not require an expert to contact physicians in one area to determine the applicable standard of care in that community or to determine whether that community is similar to another community. Therefore, the fact that Dr. Macaluso did not verbally communicate with Lansing physicians to ascertain the standard of care for general practitioners in Lansing does not disqualify him from testifying regarding the applicable standard of care.

The trial court's refusal to qualify Dr. Macaluso as an expert effectively resulted in the dismissal of plaintiffs' cause of action. We conclude that Dr. Macaluso's reliance on the written information, coupled with his experience and credentials, provides sufficient indication that he was familiar with the standard of care in Lansing or a similar community. See *id.* Therefore, we hold that the

trial court abused its discretion in refusing to qualify Dr. Macaluso as an expert witness.

Reversed and remanded.

MICHAEL J. KELLY, J., concurred.

DOCTOROFF, C.J. *(concurring)*. I agree with the result reached by the majority in this case. I concur only to reiterate my criticism of the locality rule.

Defendant is a general practitioner in Lansing. Defendant prescribed narcotics to plaintiff Harold Turbin for pain. Plaintiffs allege that defendant prescribed too great a dosage and caused Harold to become addicted to the narcotics. As noted by the majority, plaintiffs' expert, Dr. Peter Macaluso, possesses outstanding credentials and he is clearly qualified to testify regarding the subject of addiction medicine. However, a trial court may not base its decision to allow Dr. Macaluso to testify on his impressive credentials. Instead, the law requires that an expert must indicate his familiarity with the standard of care in the local community. *Jalaba v Borovoy,* 206 Mich App 17, 20; 520 NW2d 349 (1994).

In *Birmingham v Vance,* 204 Mich App 418; 516 NW2d 95 (1994), we noted that the locality rule was a holdover from a time when vast differences existed between medical practice in rural and urban areas. *Id.* at 422-423, quoting *Siirila v Barrios,* 398 Mich 576; 248 NW2d 171 (1976) (opinion of WILLIAMS, J.). Advances in communications systems, computer innovations, and more structured medical organizations have provided once rural disconnected communities with the ability to perform complex medical procedures under more uniform and accurate guidelines. This is particularly true when a general practitioner is providing a

service that has become uniform throughout the nation. *Birmingham, supra* at 424-425.

Dr. Macaluso testified: "[Q]uality medicine is quality medicine. The practice of quality medicine is in essence one standard." It is time for the law to acknowledge the truth of his statement. To do otherwise merely excuses medical professionals from using the vast array of tools at their disposal to provide the best care for their patients.