*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CIERRIA JOHNSON,

Plaintiff-Appellant,

v

GEORGE ZIYADEH, DDS, and
GEORGE ZIYADEH, DDS, PC,

Defendants-Appellees.

UNPUBLISHED
May 23, 2019

No. 340866
Wayne Circuit Court
LC No. 16-004444-NH

Before: LETICA, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendants[1] under MCR 2.116(C)(10) and its order denying plaintiff's motion for reconsideration of that order. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff was treated by Dr. Ziyadeh for a tooth extraction in 2015. Plaintiff alleged that Dr. Ziyadeh broke her tooth and damaged her lingual nerve during the procedure, causing a loss of sensation in the right half of her tongue.

Plaintiff filed suit against defendants in 2016, alleging that Dr. Ziyadeh had committed medical malpractice. Plaintiff's complaint was accompanied by an affidavit of merit from Dr. Roger Druckman, DDS, asserting that Dr. Ziyadeh had breached the applicable standard of care in performing the extraction. In September 2016, plaintiff filed a preliminary witness list that

---

[1] Defendant George Ziyadeh, DDS, PC is a legal entity comprising the dental practice of defendant George Ziyadeh, DDS. Plaintiff's claims against the two named defendants are identical. For simplicity's sake, we will sometimes refer to the alleged conduct at issue (of both defendants) as that of "Dr. Ziyadeh."

identified six dentists as potential expert witnesses. Defense counsel and plaintiff's counsel exchanged correspondence in November 2016 identifying the expert witnesses they planned to call at trial; plaintiff identified Dr. Alan Kelman, DDS, as her testifying expert.

Dr. Kelman was deposed in June 2017. When questioned about his understanding of the local standard of care applicable to defendants' practice, Dr. Kelman testified:

> As I understand it, Wayne County is essentially the City of Detroit and some surrounding communities. I've met Michigan dentists and they're graduates of Michigan dental schools. Had courses, seminars, continuing education. I have probably attended courses given by Michigan dentists. And I'm lumping all the counties, all the locations in Michigan as similar to Wayne County.

Dr. Kelman denied having specific knowledge of Dr. Ziyadeh's practice, including the percentage of his Medicaid patients as opposed to his private-pay patients, or the amount of low- or high-income patients that Dr. Ziyadeh had served. Dr. Kelman also testified that he had never been to Michigan and that he did not recall the last time he had interacted with a Michigan dentist in any capacity.

Following Dr. Kelman's deposition, defendants moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff lacked a standard-of-care expert and that her claim must therefore be dismissed.[2] Defendants also moved to strike Dr. Kelman's standard-of-care testimony and to dismiss plaintiff's case. In response to defendants' summary disposition motion, plaintiff argued that Dr. Kelman had satisfied the requirements of the "locality rule" for standard-of-care testimony, and in the alternative that plaintiff could provide expert witness testimony from Dr. Roger Druckman or Dr. Raymond Rawson, both of whom had been identified on plaintiff's witness list, if the trial court found Dr. Kelman's testimony inadmissible.

The trial court initially heard oral argument on defendants' motion to strike Dr. Kelman's testimony, but took that motion under advisement pending the result of the summary disposition motion. The trial court subsequently heard oral argument on defendants' motion for summary disposition. During oral argument on that motion, the parties argued consistently with their written submissions; plaintiff's counsel again stated that if Dr. Kelman's testimony were found to be inadmissible, plaintiff would call Dr. Druckman as an expert witness. Plaintiff's counsel asserted that Dr. Druckman had recently been qualified to testify in another case heard in the same courthouse.

The trial court granted defendants' motion for summary disposition, stating in part:

> In this case, Dr. Kelman has testified that one, he's testified -- only really did not testify [sic] doing any research -- he testified that he knew some Michigan dentists and that he went to a seminar, however, his testimony was really very

---

[2] Defendants filed a second motion, also under MCR 2.116(C)(10), asserting other grounds for summary disposition. The record does not reflect that the trial court ever ruled on that motion.

-2-

vague in terms of doing research to determine what the local standard of care would be in the City of Detroit, the County of Wayne with regard to whether or not his practice is similar to that of Defendant Doctor. Again, it's based on his own testimony. It's clear that he cannot testify that his practice is similar to that of the Defendant Dentist.

Now, I know that Plaintiff has argued, "Well, he does extractions just the same as the Defendant," however, the whole point of this local standard of care is to indicate that you have to have comparable practices. Not so much that you are doing the same type of work, but that the practice has to be similar or that the out-of-state expert had to have done some research so that he could speak or testify as it relates to the standard of care. That's missing here.

So, for those reasons, the Court is going to grant Defendant's Motion for Summary Disposition finding that there is no genuine issue of material fact that Dr. Kelman is not qualified to testify as to the local standard of care.

The trial court then addressed plaintiff's argument that, in the alternative, plaintiff could call other expert witnesses to testify regarding the applicable standard of care:

Now, Plaintiff has argued that in the event that the Court finds that Dr. Kelman is not qualified to testify on the issue of local standard of care, that there are other experts. However, this is the motion brought under MCR 2.116(C)(10) and this is the day to come forward with whatever evidence that the Court is to consider. There is nothing else for the Court to consider other than the fact that the expert that the Plaintiff has selected is not qualified.

The trial court issued an order granting summary disposition in favor of defendants. Plaintiff moved for reconsideration, arguing that Dr. Druckman had signed the affidavit of merit attached to plaintiff's complaint, and further relying on an additional affidavit regarding Dr. Druckman's knowledge of the practice of dentistry in Wayne County, as well as his curriculum vitae. Plaintiff also argued that her counsel had "reasonably believed" that Dr. Kelman could be qualified as an expert, and that plaintiff should not be subjected to the "drastic" sanction of dismissal. Plaintiff additionally attached an affidavit from Dr. Kelman purporting to "more precisely delineat[e]" Dr. Kelman's qualifications to testify regarding the local standard of care in this case. The trial court denied plaintiff's motion for reconsideration, stating that "Plaintiff has merely presented the same issues already ruled on by the Court, either expressly or by reasonable implication" and that plaintiff had failed to demonstrate a palpable error by which the trial court and the parties had been misled.

This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Moser v Detroit*, 284 Mich App 536, 538; 772 NW2d 823 (2009). Summary disposition is proper under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is

entitled to judgment . . . as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. We consider the affidavits, pleadings, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). All reasonable inferences are to be drawn in favor of the nonmovant. *Dextrom v Wexford County*, 287 Mich App 406, 415; 789 NW2d 211 (2010). A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue on which reasonable minds could differ. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

We review for an abuse of discretion a trial court's decision to admit or exclude evidence. See *Craig v Oakwood Hosp*, 471 Mich 67, 76; 684 NW2d 296 (2004). We also review for an abuse of discretion a trial court's decision to deny reconsideration. *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000).

## III.  QUALIFICATION OF DR. KELMAN

Plaintiff argues that the trial court erred by concluding that Dr. Kelman could not satisfy the "locality rule" for expert testimony on the applicable standard of care in this medical malpractice action. We disagree.

> In order to establish a cause of action for medical malpractice, a plaintiff must establish four elements: (1) the appropriate standard of care governing the defendant's conduct at the time of the purported negligence, (2) that the defendant breached that standard of care, (3) that the plaintiff was injured, and (4) that the plaintiff's injuries were the proximate result of the defendant's breach of the applicable standard of care. [*Craig*, 471 Mich at 86.]

The Legislature codified these formerly common-law elements in MCL 600.2912a, which provides in pertinent part:

> (1)  [I]n an action alleging malpractice, the plaintiff has the burden of proving that in light of the state of the art existing at the time of the alleged malpractice:

> (a) The defendant, *if a general practitioner, failed to provide the plaintiff the recognized standard of acceptable professional practice or care in the community in which the defendant practices or in a similar community*, and that as a proximate result of the defendant failing to provide that standard, the plaintiff suffered an injury.

> (b) The defendant*, if a specialist, failed to provide the recognized standard of practice or care within that specialty* as reasonably applied in light of the facilities available in the community or other facilities reasonably available under the circumstances, and as a proximate result of the defendant failing to provide that standard, the plaintiff suffered an injury. [*Id*. (emphasis added).]

In other words, by statute, "the standard of care for general practitioners is that of the local community or similar communities," while a "nationwide" standard of care applies to specialists. *Bahr v Harper-Grace Hospitals*, 448 Mich 135, 138; 528 NW2d 170 (1995).[3] The parties do not dispute that Dr. Ziyadeh was a general practitioner or that the relevant standard of care is that of the local community or similar communities. Thus, the "locality rule" applies.[4]

Expert testimony is required to establish the appropriate standard of care in a medical malpractice action. *Birmingham v Vance*, 204 Mich App 418, 421; 516 NW2d 95 (1994). Consequently, plaintiff's expert was required to articulate the standard of care applicable to general practitioners in the community in which Dr. Ziyadeh practiced (or in a similar community) in order to qualify as an expert. *Birmingham*, 204 Mich App at 422-423.

An expert's testimony regarding the appropriate standard of care for a general practitioner must "first be qualified by a showing of knowledge of the medical community in question." *Francisco v Parchment Medical Clinic, PC*, 86 Mich App 583, 588; 272 NW2d 736 (1978). However, an expert is not required to have practiced in a particular community; an expert "familiar with the standard of care in a community" may testify to the appropriate standard of care despite a lack of practical experience. *Bahr*, 448 Mich at 142. For example, the requisite familiarity may be shown through an expert's educational credentials or practice experience in a comparable area, *id*. at 141-142, as well as by an expert's research into a particular medical community, see *Turbin v Graesser (On Remand)*, 214 Mich App 215, 218; 542 NW2d 607 (1995) (finding that an expert was properly qualified when the expert reviewed written materials that enabled the expert to conclude that "Lansing and Tallahassee had similar populations, a similar scope of medical specialties, similar available procedures, and similar technology").

---

[3] Although the term "nationwide" does not appear in MCL 600.2912a(1)(b) (relating to specialists), the plain language of that subsection states that the standard of care is that "*within that specialt*y as reasonably applied in light of the facilities available in the community or other facilities reasonably available under the circumstances." *Id*. (emphasis added).

[4] Indeed, plaintiff affirmatively acknowledges that defendant is a general practitioner and that the general practitioner local standard of care set forth in MCL 600.2912a applies. To the extent that there is any question about whether the statute directly applies in a case of dental malpractice, the statute in any event "generally states the plaintiff's burden of proof in establishing the applicable standard of care in a malpractice action." *Sullivan v Russell*, 417 Mich 398, 399 n 2; 338 NW2d 181 (1983). Further, and although somewhat reluctantly, this Court has stated that the locality rule applies in cases of dental malpractice, despite the fact that dentists are subject to "uniform minimum competency requirements" set by the American Dental Association, if the defendant has not held himself out as a specialist in the procedure performed. *Birmingham v Vance*, 204 Mich App 418, 426; 516 NW2d 95 (1994). There is no evidence in the record in this case that Dr. Ziyadeh held himself out as a specialist in the area of tooth extraction, nor does plaintiff argue that he did.

We conclude that the trial court did not abuse its discretion by holding that Dr. Kelman did not qualify as an expert in the local standard of care. While plaintiff is correct that Dr. Kelman was not required to make direct contact with dental practitioners in Wayne County to determine the local standard of care, see *Turbin (On Remand)*, 214 Mich App at 218, Dr. Kelman testified at his deposition that he was unfamiliar with Dr. Ziyadeh's practice and spoke only vaguely about Wayne County and the surrounding area, making it clear that he was "lumping in" all Michigan counties as similar to Wayne County. Dr. Kelman also merely speculated that he might have spoken with or received continuing education from Michigan dentists or graduates of Michigan dental schools, but had no specific recollections in that regard.

Further, unlike the experts in *Turbin (On Remand)*, 214 Mich App at 218, and *Bahr*, 448 Mich at 142, there was no evidence presented to the trial court that Dr. Kelman practiced in a community that was similar to that where Dr. Ziyadeh practiced. Dr. Kelman testified that his practice was in a "very, very small city" in Florida. Dr. Kelman also testified that his office did not accept Medicaid, and that he performed only about 24 lower molar extractions per year. Defendants presented evidence to the trial court that Dr. Ziyadeh practiced in a populous urban area in which he treated a wide range of patients, including a large number of Medicaid patients. Plaintiff argues that defendants have stated or implied that the appropriate standard of care should vary based on a particular patient's income or racial identity, but we do not find this to be a fair characterization of defendants' argument.

In essence, plaintiff argues against the application of the "locality rule" in any circumstance,[5] at least related to dentistry, when she argues that "the standard of care, local or

---

[5] We note that in a concurring opinion in *Siirila v Barrios*, 398 Mich 576, 608; 248 NW2d 171 (1976), Justice WILLIAMS of our Supreme Court once advocated for what he believed would be "a better rule" than the "locality rule," one under which a general practitioner would be "under a duty to use that degree of care and skill which is expected of a reasonably competent practitioner of the same class, acting under the same or similar circumstances." *Id*. at 628. But our Legislature decided instead to codify the common-law elements of a medical malpractice cause of action, including the "locality rule" applicable to claims against general practitioners. MCL 600.2912a. That enactment, which was effective on March 30, 1978, see 1977 PA 272, represents the public policy of this state. The Legislature, and in some circumstances our Supreme Court, are at liberty to address public policy as expressed in the common law. See *Woodman v Kera, LLC*, 486 Mich 228, 246; 785 NW2d 1 (2010) (noting the "superiority of the Legislature to address matters of public policy" over the courts and stating that even our Supreme Court "should frequently defer policy-based changes in the common law to the Legislature."). Even if the Legislature had not done so by enacting MCL 600.2912a, we as an error-correcting court should refrain from such judicial policymaking. See *People v Woolfolk*, 304 Mich App 450, 475-476; 848 NW2d 169 (2014), aff'd 497 Mich 23; 857 NW2d 524 (2014) (stating that "we are mindful that we are an error-correcting court. . . . As such, we must confine our role to that function."). In any event, because our state's public policy is now codified by statute, our job is apply that statute to the particular circumstances before us in order to effectuate the intent of the Legislature. See *Tyler v Livonia Public Schools*, 459 Mich 382. 392 n

otherwise, is the same for all patients, no matter if they are rich or poor, black or white." Although it is undoubtedly true that the "recognized standard of acceptable professional practice" to which dental patients are entitled does not vary based on their race or socioeconomic status, it was still plaintiff's burden to show that her expert was familiar with the local standard of care applicable to the community in which Dr. Ziyadeh practiced, or to a similar community. MCL 600.2912a(1)(a). This plaintiff failed to do.

The trial court did not err by holding that Dr. Kelman was not qualified to give standard-of-care testimony in this case. Additionally, it did not err by failing to grant plaintiff reconsideration on the basis of the additional information contained in Dr. Kelman's affidavit, which was provided to the trial court for the first time on reconsideration. There was no reason given for failing to present the additional information earlier. A trial court does not abuse its discretion by denying reconsideration when an issue could have been raised in an earlier proceeding. *Churchman*, 240 Mich App at 233. Nor, on appeal, have we considered information that was presented to the trial court for the first time on reconsideration. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009).

## IV. SUMMARY DISPOSITION

Plaintiff also argues that the trial court erred by granting summary disposition in favor of defendants, because plaintiff could have presented other experts to testify to the local standard of care. We disagree.

We note at the outset that plaintiff's references to discovery sanctions, see *Dean v Tucker*, 182 Mich App 27; 451 NW2d 571 (1990), or plaintiff's counsel's "reasonable belief" in Dr. Kelman's qualifications, see MCL 600.2169(1), are inapposite. The trial court neither imposed dismissal as a discovery sanction nor struck plaintiff's affidavit of merit. Instead, the trial court granted summary disposition because, based on the evidence presented to it by the parties, no genuine issue of material fact existed regarding plaintiff's ability to establish the appropriate standard of care through expert testimony. The trial court did not err by doing so.

Although plaintiff argued before the trial court that she had two other experts who could testify about the local standard of care, plaintiff presented no evidence regarding their qualifications to provide such testimony or regarding what the content of their testimony would be. Plaintiff's counsel merely asserted at oral argument that Dr. Druckman had recently been qualified in a different case before a different judge. When a summary disposition motion is brought under MCR 2.116(C)(10), once the moving party has come forward with evidence showing a lack of a genuine issue of material fact, the burden shifts to the moving party to

---

10; 590 NW2d 560 (1999) ("Our role as members of the judiciary is not to determine whether there is a 'more proper way,' that is, to engage in judicial legislation, but is rather to determine the way that was in fact chosen by the Legislature. It is the Legislature, not we, who are the people's representatives and authorized to decide public policy matters such as this. To comply with its will, when constitutionally expressed in the statutes, is our duty."). See also *Gilbert v Second Injury Fund*, 244 Mich App 326, 332; 625 NW2d 116 (2001).

establish a genuine issue of material fact with evidentiary support. MCR 2.116(G)(4). The non-moving party must offer more than just conjecture and speculation to meet this burden. *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993). A plaintiff must show a genuine issue of material fact regarding every disputed element of a malpractice claim in order to survive summary disposition. *Richardson v Michigan Humane Society*, 221 Mich App 526, 527-528; 561 NW2d 873 (1997).

Here, the issue of plaintiff's ability to present expert testimony on the appropriate standard of care was in dispute; yet plaintiff failed to offer any support for her assertion that, even if Dr. Kelman was found not to be qualified, a genuine issue of material fact remained regarding her ability to provide other such testimony. A "mere pledge" to present supporting evidence in the future is not sufficient to avoid summary disposition under MCR 2.116(C)(10). *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999).[6]

Moreover, plaintiff's affidavit of merit signed by Dr. Druckman (another out-of-state practitioner) did not provide the requisite evidentiary support. Plaintiff did not assert before the trial court that it could determine Dr. Druckman's qualifications regarding standard-of-care testimony from the affidavit of merit. Moreover, while Dr. Druckman's affidavit discussed the applicable standard of care that he believed applied to Dr. Ziyadeh's conduct, it contains no information about Dr. Druckman's experience or familiarity with the community in which Dr. Ziyadeh practiced or a similar community. We cannot find that the trial court erred by failing to deem the affidavit of merit to sufficiently raise a genuine issue of material fact regarding the applicable standard of care, and we consequently hold that the trial court appropriately granted summary disposition in favor of defendants under MCR 2.116(C)(10). *West*, 469 Mich at 183.

Finally, for the reasons stated earlier in this opinion, we hold that the trial court did not err by declining to grant reconsideration on this issue based on the additional information provided to it with plaintiff's motion for reconsideration. *Churchman*, 240 Mich App at 233. Nor do we consider that information on appeal. *Vushaj*, 284 Mich App at 519.

Affirmed.

/s/ Anica Letica
/s/ Mark T. Boonstra

---

[6] Although plaintiff argues that defendants' motion for summary disposition was "really" a motion to strike Dr. Kelman as an expert, the record is clear that defendants separately moved to strike Dr. Kelman, and that plaintiff's counsel could not reasonably have been unaware that the September 25, 2017 hearing was on defendants' motion for summary disposition; only ten days earlier, the trial court had heard arguments regarding defendants' motion to strike, and had taken that issue under advisement pending the result of the summary disposition motion.